**Joseph Larkie WALLACE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 40466.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 10, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 18, 1979.

Application to Transfer Denied
June 19, 1979.

Timothy F. Devereux, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial without an evidentiary hearing or appointment of counsel of his motion for post-conviction relief under Rule 27.26. We affirm.

On April 13, 1971, a jury found movant guilty of robbery first degree by means of a dangerous and deadly weapon and sentenced him to six and one half years impris-

onment. Movant filed a notice of appeal, but subsequently made a motion to dismiss that appeal, which motion the Supreme Court sustained on January 22, 1972.

On March 22, 1978, six years after his appeal was dismissed, movant filed in the circuit court of the City of St. Louis a Motion Requesting Reinstatement of Appeal, alleging several grounds for the granting of that motion. Construing this to be in the nature of a Rule 27.26 motion, the circuit court made findings of fact and conclusions of law, denying the motion without an evidentiary hearing or appointment of counsel.

On this appeal, movant alleges that the trial court erred in its summary denial of his motion, because movant had stated sufficient grounds, "including an unknowing waiver of movant's right to appeal his conviction and ineffective assistance of counsel," to warrant an evidentiary hearing and appointment of counsel. We construe this point to be that movant's allegation in his motion as to ineffective assistance of counsel in the dismissal of his appeal constituted a sufficient basis for the granting of an evidentiary hearing.

■ In the appeal from the denial of a Rule 27.26 motion, the reviewing court is to consider whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Camillo v. State,* 555 S.W.2d 386, 388 (Mo.App.1977). In his motion as presented to the trial court, movant alleged "[t]hat the defendant herein was unknowingly and unintelligently misrepresented by appeal counsel to waive his constitutional right to appeal his conviction" and "[c]ounsel was totally ineffective in the advice and preparation of his client."

■ A party seeking relief through a motion for post-conviction relief must plead facts and not conclusions. *Jackson v. State,* 558 S.W.2d 816, 819 (Mo.App.1977). Movant's allegations as to his counsel's conduct are mere conclusions and as such entitled movant to neither an evidentiary hearing nor appointment of counsel. *Vogel v. State,* 541 S.W.2d 87, 88 (Mo.App.1976);

*Snethern v. State,* 537 S.W.2d 250 (Mo.App. 1976). The findings, conclusions and judgment of the trial court were not clearly erroneous.

Affirmed.

GUNN and CRIST, JJ., concur.