Charles McCLAIN, Movant,

v.

STATE of Missouri, Respondent.

No. 48695.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 1985.

Doris G. Black, St. Louis, for movant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GAERTNER, Judge.

Movant Charles McClain appeals from the dismissal without evidentiary hearing of his Rule 27.26 motion to vacate and set aside his consecutive life sentences for first degree murder and forcible rape. His conviction of these crimes was affirmed in *State v. McClain*, 536 S.W.2d 45 (Mo.App. 1976).

In his motion to vacate, his counsel alleged ineffective assistance of trial counsel in (1) failure to seek disqualification of the prosecutor; (2) failure to request or submit instructions submitting murder in the second degree; (3) failure to impeach a state's witness; and (4) failure to object to inflammatory and prejudicial argument of the prosecutor.

The standard for determining whether a Rule 27.26 movant is entitled to an evidentiary hearing is whether he has pleaded facts, not conclusions which, if true, would entitle him to relief and whether those factual allegations are refuted by the record. *Ray v. State*, 644 S.W.2d 663, 666 (Mo.App.1982).

Movant's contention of ineffective assistance in failing to file a motion to disqualify the prosecuting attorney fails to meet this standard as it alleges mere conclusions and not facts. The motion alleges only that trial counsel "failed to file a motion to disqualify the prosecuting attorney on the basis of personal interest." Movant does not allege any facts which

may have constituted a personal interest. This conclusionary allegations fails to invoke any right to an evidentiary hearing.

 Nor is an evidentiary hearing required to dispose of movant's claim that his trial counsel was ineffective for failing to request a second degree murder instruction. This contention is conclusively refuted by the record. Lesser-included homicide instructions were not required in first degree murder trials prior to March 1, 1975. *State v. Mudgett*, 531 S.W.2d 275, 281 (Mo. banc 1975), *cert. denied*, 426 U.S. 910, 96 S.Ct. 2234, 48 L.Ed.2d 835 (1976). The state's case was submitted to the jury on the theory of first degree felony murder, rape being the underlying felony. Under the rule in force at that time, there was no evidence to justify a lesser degree homicide instruction. The evidence at movant's trial was that the victim was raped and then taken to another location, beaten and deliberately killed so that she could not identify him. The defense was alibi. Under this evidence movant was either guilty of first degree felony murder or of no crime whatsoever. Moreover, his trial counsel, consistently maintaining the alibi defense, agreed that no second degree murder instruction should be submitted. Failure to offer or request an instruction on a lesser-included offense as part of counsel's trial strategy is not a basis for a claim of ineffective assistance of counsel. *Arnold v. State*, 632 S.W.2d 54, 55 (Mo.App.1982).

 The record also refutes movant's claim that his trial counsel was ineffective for failing to object to the prosecuting attorney's closing remarks regarding the fact that movant had been in the penitentiary. The remarks were supported by testimony of witnesses that movant stated at the time of the offense that the victim had to be killed because "he wasn't going to have anybody send him back to the penitentiary." The argument was nothing more than a legitimate comment upon the movant's expressed motive for the commission of the murder. No prejudice resulted from his trial attorney's failure to object to such an argument.

 The final point asserted by movant in his motion charges ineffective assistance of trial counsel in failing to impeach a state's witness "by means of perjury at the prior trial of movant...." Movant's first conviction of these offenses and sentence to death was reversed by the Missouri Supreme Court. *State v. McClain*, 498 S.W.2d 798 (Mo. banc 1973). A witness, Larry Smith, testified at the first trial that he had been charged as a co-defendant with movant but that he had been given no assurances of a light sentence in return for his testimony. It developed that the charges against him were dismissed on the same date that he testified. The Supreme Court reversed the conviction for the reason that "the failure of the prosecutor to disclose that the charge against Smith had been dismissed requires a new trial...." Smith testified at the second trial and the fact that the charges against him had been dismissed was fully developed on both direct and cross-examination. Movant's allegations regarding perjury are mere conclusions. He does not allege that at the time Smith testified that he had no assurance of leniency he was aware of the dismissal of the charges against him. He does not allege that there was a relationship between Smith's testimony and the dismissal. Moreover, we do not fault trial counsel who, having fully developed the fact that charges against a state's witness had been dismissed prior to his testimony, determined as a matter of trial strategy to make no reference to a prior trial, conviction and assessment of a death penalty against his client. Failure to impeach a witness as a matter of trial strategy does not serve as a basis for a charge of ineffective assistance of counsel. *Jackson v. State*, 540 S.W.2d 616, 617 (Mo.App.1976).

The judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.