Roy **ROBERTS**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 71185.

Supreme Court of Missouri,
En Banc.

Aug. 1, 1989.
Rehearing Denied Sept. 8, 1989.

---

Robert Wolfrum, Asst. Public Defender, St. Charles, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Roy Roberts was convicted by a jury of capital murder and sentenced to death. The ensuing judgment was affirmed. *State v. Roberts*, 709 S.W.2d 857 (Mo. banc 1986), *cert. denied*, 479 U.S. 946, 107 S.Ct. 427, 93 L.Ed.2d 378 (1986). He filed a motion for post-conviction relief under Rule 27.26 (repealed, effective January 1, 1988) alleging ineffective assistance of counsel. The circuit court denied relief after an evidentiary hearing.[1] The appeal of that judgment was transferred to this Court. The judgment is affirmed.

Roberts was convicted for the murder of a corrections officer while he was an inmate at the Missouri Training Center for Men. Roberts held the officer while two other inmates stabbed him to death. The facts surrounding the murder are more fully set out in *State v. Roberts*, 709 S.W.2d 857. In this post-conviction proceeding, Roberts contends his trial counsel was ineffective: 1) for failing to object to prejudicial statements made by the prosecutor about the capital sentencing process, 2) for failing to request a second degree felony murder instruction, 3) for opening the issue of whether Roberts had a prior homicide conviction, 4) for failing to attempt to impeach state's witness Joseph Vogelpohl, 5) for failing to attempt to impeach four corrections officers, 6) for failing to object to hypnotically refreshed testimony, 7) for failing to object to misleading statements of the law of accomplice liability, and 8) for failing to object to the submission of an overbroad aggravating circumstance in the penalty phase. He also alleges Missouri's mitigating circumstances instruction is unconstitutional in that it requires unanimity

---

1. Two hearings were held; the court reporter at the first died before the proceedings were transcribed. The record, findings and conclusions from the second hearing are therefore the subject of this review.

in the finding of any given mitigating circumstance.

Appellate review under Rule 27.26 is limited to a determination whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.-26(j); *Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984). "The court's findings and conclusions are clearly erroneous only if a review of the entire record leaves [the] court with a definite and firm impression that a mistake has been made." *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App. 1986).

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Driscoll v. State,* 767 S.W.2d 5 (Mo. banc 1989).

Roberts argues that counsel was ineffective for failing to object to statements made by the prosecution regarding the capital sentencing process. During voir dire and in closing argument, the prosecutor made a number of statements indicating that the judge, not the jury, would impose the sentence, and that the punishment recommended by the jury was subject to reduction. Roberts argues these statements were incorrect statements of law, and they impermissibly lessened the jury's sense of responsibility for the imposition of a death sentence.

■ The motion court denied relief on this claim because it was raised on direct appeal and decided against Roberts. Trial errors presented on direct appeal are not cognizable in a Rule 27.26 proceeding. Rule 27.26(b)(3). This is true even though they are cloaked in a theory of ineffective assistance of counsel. *O'Neal v. State,* 766 S.W.2d 91 (Mo. banc 1989). Roberts raised this claim on direct appeal, and this Court held that the prosecutor's statements were a correct statement of the law, and no

unfair prejudice resulted from them. *State v. Roberts,* 709 S.W.2d at 869.

■ Roberts argues that counsel was ineffective for failing to request a second degree felony murder instruction. The motion court found neither incompetence nor prejudice in this failure. This theory of instructional error was recently raised and rejected in this Court in *Driscoll v. State,* 767 S.W.2d 5, 9 (Mo. banc 1989). Here, as in *Driscoll,* a conventional second degree murder instruction was given and the evidence strongly supported the submission of that instruction. For the reasons set forth in *Driscoll* this argument is rejected.

Roberts argues counsel was ineffective for stating that he was not in prison for murder, then failing to support that statement in the guilt phase of the trial. The prosecutor was thus able to highlight the absence of evidence in closing argument.

■ At the evidentiary hearing, counsel testified that he made the statement to diffuse concerns expressed by jurors during voir dire. At the time, he did not know whether Roberts would testify, and the thought he intended to convey was that the State would not be able to show Roberts was in prison for murder. In addition, he testified Roberts fully agreed with this decision. The motion court found that this was a calculated strategic decision. In order to show ineffective assistance of counsel, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. at 2065. Roberts has not overcome this presumption.

Roberts argues counsel was ineffective for failing to attempt to impeach State's witness Joseph Vogelpohl. Vogelpohl testified at trial that he heard Roy Roberts and John Bolin instigate the rush that led to Officer Jackson's death. The record reflects Vogelpohl made a statement about the incident to two Highway Patrol officers in which he attributed the statement "let's rush them" to Bolin alone. The transcription of that statement indicates that Bolin was talking to Robert Driscoll, and Vogel-

pohl did not mention Roberts. Roberts contends his attorney should have called the two Highway Patrol officers to impeach Vogelpohl and contradict the prosecution theory that Roberts was a ringleader.

■ The motion court found that the two officers were investigating prisoners' allegations of civil rights violations following the murder, not the murder itself, and that the officers were not called because they would have had very little understanding of the murder case. Trial counsel testified at the hearing that although Vogelpohl's trial statement was damaging, it did not "go to the heart of the matter because the State proved ... that Roy Roberts was there...." His strategy was to show that Roberts was there to fight, not to kill anyone. Failure to impeach a witness as a matter of trial strategy does not serve as a basis for a charge of ineffective assistance of counsel. *McClain v. State*, 686 S.W.2d 879 (Mo.App.1985).

Roberts argues counsel was ineffective for failing to attempt to impeach corrections officers Maupin, Hess, Wilson and Halley with prior inconsistent statements. The State used these witnesses to show that Roberts held the victim while he was stabbed. Trial counsel was aware of the alleged inconsistent statements at trial. The motion court found, however, that the prior statements were not directly inconsistent with the four officers' trial testimony. Officer Maupin's prior statement would not have been helpful because he admitted in his trial testimony that he had not seen Roberts holding the decedent. Officer Hess, who was injured in the rush, made a number of statements that failed to identify Roberts as the person holding the decedent, but the record indicates that he did not know Roberts by name when he made those statements. Officer Wilson also made a statement in which he failed to identify Roberts, but it was in the context of the civil rights investigation mentioned above. Officer Halley made a statement describing the riot, and prepared a conduct violation report about Roberts assaulting him personally; neither mentions Roberts

holding the decedent. Neither statement is fatally inconsistent with his trial testimony, and at the hearing, Halley testified that he could not have combined a report on the death of Officer Jackson with the report of his own assault. These alleged failures to impeach are not a proper basis for a charge of ineffective assistance of counsel. *McClain v. State*, 686 S.W.2d 879.

■ Roberts contends that counsel was ineffective for failing to attempt to exclude hypnotically refreshed testimony. Witnesses Hess and Kroekel participated in hypnotic sessions with the county sheriff, and counsel did not object to their trial testimony. The motion court found that this was a strategically motivated decision, made after consultation with his client. Roberts' counsel had previously attempted to exclude hypnotically refreshed testimony before the same circuit judge, and was unsuccessful. *See State v. Williams*, 662 S.W.2d 277 (Mo.App.1983).

Several months after the conclusion of Roberts' trial, this Court held that hypnotically refreshed testimony is, at least in the context of a civil case, inadmissible. *Alsbach v. Bader*, 700 S.W.2d 823 (Mo. banc 1985). Counsel is not, however, ineffective for failing to anticipate a change in the law. *Scott v. State*, 741 S.W.2d 692 (Mo. App.1987). Because of the law applicable at the time of trial and counsel's personal experience, his decision not to broach the subject was a reasonable strategic decision.

Roberts contends counsel was ineffective for failing to object to the prosecutor's misleading statements of the law of accomplice liability. Roberts raised this claim as a trial error, and it was decided against him on direct appeal. *See State v. Roberts*, 709 S.W.2d 857. As discussed above, this precludes review in a post-conviction proceeding. In any case, the motion court found that counsel discharged his duty on this point. He objected to the prosecutor's presentation, his objections were sustained and the jury was properly instructed on the law of accomplice liability. *See State v. Roberts*, 709 S.W.2d at 857.

■ Roberts contends counsel was ineffective for failing to object to the submis-

sion of one of the aggravating circumstances presented in the penalty phase of trial. The jury was instructed, under section 565.012.2(9), RSMo 1978, to consider whether the murder was committed in a place of lawful confinement. Roberts argues the instruction was unconstitutionally vague and counsel should have objected to its submission. The record reflects counsel did raise a vagueness challenge to the instruction. In addition, the jury found an additional aggravating circumstance, that the murder was committed against a corrections officer engaged in the performance of his official duty. § 565.012.2(8), RSMo 1978. "[W]here two or more statutory aggravating circumstances are found by the jury, the failure of one circumstance does not taint the proceedings so as to invalidate the other aggravating circumstance found and the sentence of death thereon." *State v. LaRette,* 648 S.W.2d 96, 102 (Mo. banc 1983), *cert. denied* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983). Counsel was not deficient on this point, nor could any prejudice have accrued.

 Finally, Roberts contends that the trial court erred in submitting MAI–CR2d 15.44 regarding mitigating circumstances. He argues the instruction is unconstitutional under *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988). "[A]n issue which could have been raised on direct appeal, even though it is a constitutional claim, may not be raised in a postconviction motion, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances." *McCrary v. State,* 529 S.W.2d 467, 472 (Mo.App.1975). Constitutional objections to jury instructions are properly raised on direct appeal.

For the foregoing reasons, the judgment of the circuit court is affirmed.

WELLIVER, RENDLEN, COVINGTON and BILLINGS, JJ., concur.

BLACKMAR, C.J., concurs in separate opinion filed.

ROBERTSON, J., not participating.

BLACKMAR, Chief Justice, concurring.

I concur with one qualification.

I doubt that we can rely on procedural grounds to avoid an ultimate ruling as to whether MAI–CR2d 15.44 is in violation of the holding in *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988). I believe that there is no similarity between 15.44 and the instruction found faulty in Mills. I borrow from the language of Judge Edward L. Filippine of the United States District Court for the Eastern District of Missouri, *Gilmore v. Delo,* No. 89–1167C(2), 1989 WL 109554, June 20, 1989, as follows:

This Court does not find that the jury instructions given in this case are remotely similar to those in *Mills,* much less unconstitutional. The instructions in *Mills* were fashioned in the form of interrogatories, and were prefaced by an ambiguous instruction phrased in such a manner that if the jury did not find such mitigating factors, then the resulting sentence would be death. In this case, the jurors were instructed that if they unanimously found that a sufficient mitigating circumstance or circumstances outweighed the aggravating circumstances, then they were to return a verdict for imprisonment for life. The instruction did not require them to unanimously agree on mitigating factors, as in *Mills,* but rather, that they must unanimously agree that the factors outweigh the mitigating factors before a life sentence is mandated.

Furthermore, the instruction which followed stated that even if they did not find the aggravating circumstances outweighed, they were not compelled to fix death as a punishment. Therefore, these instructions differ substantially from those found unconstitutional in *Mills, supra.*

I agree that the judgment should be affirmed.