**Maurice V. GILLESPIE, a/k/a Jerry Driscoll Martin, Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 56478.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 6, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 7, 1990.

Application to Transfer Denied
April 17, 1990.

Michael D. Burton, David C. Hemingway, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

JOSEPH J. SIMEONE, Senior Judge.

This appeal is from the denial of a motion to vacate judgment and sentence pursuant to Rule 24.035. We affirm.

Movant, Maurice V. Gillespie, under the name of Jerry Driscoll Martin, pleaded guilty on June 24, 1988, the second day of trial, to two counts of robbery in the first degree, one count of burglary in the first degree and one count of armed criminal action. Sections 569.020, 569.160, 571.015, R.S.Mo.1986. On July 15, 1988, movant was sentenced to concurrent fifteen year terms for the counts of robbery and burglary and a consecutive three year term for the offense of armed criminal action—a total of 18 years. Movant pleaded guilty to breaking into a home with another man and robbing two elderly ladies with a gun.

On October 13, 1988, movant filed his *pro se* Rule 24.035 motion seeking to set aside his conviction and sentence. He alleged therein that his guilty plea was rendered involuntary due to ineffective assistance of trial counsel and specifically alleged that his guilty plea was induced by fraud, mistake, misapprehension, fear and the holding out of unfounded hopes of a lighter sentence, as assured by counsel. Counsel was appointed and an amended motion to vacate was filed. The amended motion further alleged that plea counsel told movant that he was unwilling to cross-examine the elderly victims of the offenses and had no intention to discredit their testimony, and that counsel failed to investigate the case. The motion requested an evidentiary hearing.

On February 16, 1989, the motion court denied the motion to vacate without an evidentiary hearing. The court made findings of fact and conclusions of law. The court ruled that the allegations were refuted by the plea record and that the movant's statements concerning his satisfaction with counsel occurred "well into the second day of trial."

On appeal, appellant contends that the motion court erred in denying an evidentiary hearing because the record does not refute his allegations that counsel "pressured" him into pleading guilty "by telling him that he would not try to discredit the elderly victims" nor does it refute the claims that "counsel misled him to believe he would receive a total of 15 years." Hence, he contends the court erred in denying him a hearing.

Rule 24.035, effective January 1, 1988, provides a procedure for relief to a person convicted of a felony who asserts or claims that the judgment of conviction imposed violates the law or the constitution of this state, or the United States, or that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law. Rule 24.035 is the successor to Rule 27.26. The new Rule was enacted to change the timing and procedure under Rule 27.26 and not the scope or substance. *See Day v. State*, 770 S.W.2d 692 (Mo. banc 1989); *Short v. State*, 771 S.W.2d 859, 863 (Mo.App.1989).

Review of a Rule 24.035 motion is a limited one. "Appellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(j); *Mallett v. State*, 769 S.W.2d 77, 79 (Mo. banc 1989). The motion court's findings, conclusions and order are clearly erroneous only if a review of the record leaves the appellate court with a definite and firm belief that a mistake has been made. *Foster v. State*, 748 S.W.2d 903, 905 (Mo.App.1988); *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

The legal principles relative to granting or denying an evidentiary hearing on a motion to vacate and the standards relating to alleged ineffectiveness of counsel are clear. Under Rule 24.035, no evidentiary hearing is required "if the motion and the files and record of the case conclusively show that the movant is entitled to no relief ..." Rule 24.035(g). In order to be entitled to an evidentiary hearing, the movant must (1) allege facts, not conclusions, which, if true, would warrant relief, (2) these facts must raise matters not refuted by the record and files in the case, and (3) the matters complained of must have resulted in prejudice to the movant. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987); *Boggs v. State*, 742 S.W.2d 591, 594 (Mo.App.1987); *Haliburton v. State*, 546 S.W.2d 771, 773 (Mo.App.1977).

In order to prevail upon a claim of ineffective assistance of counsel, movant has a heavy burden. It must be shown that (1)

his attorney failed to exercise that customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) he was prejudiced. *Mallett v. State, supra,* 769 S.W.2d at 82; *Roberts v. State,* 775 S.W.2d 92, 94 (Mo. banc 1989); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel's conduct must so undermine the proper functioning of the adversarial process and counsel's deficiencies must prejudice him. The movant is required to make both showings. *Sanders, supra,* 738 S.W.2d at 857.

 We deal here with a plea of guilty. A guilty plea represents a break in the chain of events which has preceded it in the criminal process. It is a confession in open court. Once a guilty plea is entered, it is the general principle that determination of adequacy of counsel becomes immaterial except to the extent that counsel's ineffectiveness bears on the issues of voluntariness and understanding of the plea. *Hall v. State,* 496 S.W.2d 300, 303 (Mo.App. 1973); *McGinnis v. State,* 764 S.W.2d 653, 654 (Mo.App.1988).

Tested within these well-established principles, the movant's claims that he was pressured into pleading guilty because counsel allegedly indicated he would not cross-examine or try to discredit elderly victims and misled him to believe that he would receive a total of 15 years rather than 18—are without merit and do not show ineffectiveness of assistance of counsel.

Movant's allegations of ineffective assistance of counsel and that his plea was involuntary are refuted by the plea record. He was questioned meticulously. It is clear he fully understood the proceedings and the consequences of his plea.

The claim that counsel would not discredit elderly victims is refuted by the plea record showing that movant was satisfied "in all respects" with his counsel. Further, this allegation is a conclusion and not supported by facts; allegations of conclusions are not sufficient to warrant an evidentiary hearing. *Wallace v. State,* 581 S.W.2d 434, 435 (Mo.App.1979); *Williams v. State,* 650 S.W.2d 17, 18 (Mo.App.1983); *Rice v. State,* 585 S.W.2d 488, 493 (Mo. banc 1979). This allegation, even if true, may well have been a choice of trial strategy which does not constitute ineffective assistance of counsel. *Roberts v. State, supra,* 775 S.W.2d at 95.

As to movant's contention that he was misled to believe he would receive a fifteen year sentence rather than eighteen years, the contention is clearly refuted by the record. At the plea hearing defense counsel stated that the State was recommending 18 years, and that was a "correct statement of what the plea arrangement is." The court, in taking the guilty plea, also clearly informed movant that it would not be bound by any recommendation of punishment discussed with his counsel. Furthermore, it has long been settled that an expectation that movant would receive a lighter sentence does not make a plea involuntary. "A disappointed hope of a lesser sentence than that actually received does not render a plea involuntary." *Abrams v. State,* 521 S.W.2d 177, 180 (Mo.App.1975) (citing cases).

We have reviewed the entire record and conclude that the court was not clearly erroneous in denying appellant's 24.035 motion without an evidentiary hearing.

Judgment affirmed.

SIMON, C.J., and DOWD, J., concur.