**STATE of Missouri, Respondent,**

v.

**Donald Eugene PETARY, Appellant.**

**No. 71189.**

Supreme Court of Missouri,
En Banc.

June 19, 1990.

Rehearing Denied July 9, 1990.

Craig Johnston, Asst. Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., John Morris, Asst. Atty. Gen., Jefferson City, for respondent.

BLACKMAR, Chief Justice.

In this case we affirmed judgment of conviction of murder in the first degree and sentence of death. *State v. Petary*, 781 S.W.2d 534 (Mo. banc 1989). The Supreme Court, — U.S. —, 110 S.Ct. 1800, 108 L.Ed.2d 931 granted certiorari, vacated the judgment, and remanded the case for consideration in the light of *McKoy v. North*

*Carolina*, 494 U.S. —, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990) and *Boyde v. California*, 494 U.S. —, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990), which dealt with instructions concerning mitigating circumstances. After receiving supplemental briefs and hearing further argument, we again affirm.

■ Here the jury was instructed at the outset:

You must not single out certain instructions and disregard others or question the wisdom of any rule of law.

The portion of Instruction 19 with which we must now concern ourselves reads as follows: (Emphasis supplied)

If you decide that one or more sufficient aggravating circumstances exist to warrant the imposition of death, as submitted in Instruction No. 16, you must then determine whether one or more mitigating circumstances exist which outweigh the aggravating circumstance or circumstances so found to exist. In deciding that question, you may consider all of the evidence relating to the murder of Kathy Allen.

\* \* \* \* \* \*

You may also consider any circumstances which you find from the evidence in mitigation of punishment.

*If you unanimously find that one or more mitigating circumstances exist sufficient to outweigh the aggravating circumstances found by you to exist, then you must return a verdict fixing defendant's punishment at imprisonment for life by the Division of Corrections without eligibility for probation or parole.*

The jury was also instructed in Instruction 20 that:

You are not compelled to fix death as the punishment even if you do not find the existence of one or more mitigating circumstances sufficient to outweigh the aggravating circumstance or circumstances which you find to exist. You must consider all the circumstances in deciding whether to assess and declare

the punishment at death. Whether that is to be your final decision rests with you.

This method of instruction has often been challenged as violative of *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), which held that jurors could not be confined to consideration of mitigating circumstances which the jury found unanimously. Our prior holdings in this case and *State v. Smith,* 781 S.W.2d 761 (Mo. banc 1989), as well as federal cases, have consistently held that our instructions, taken as a whole, do not transgress the holding in *Mills. See Schneider v. State,* 787 S.W.2d 718 (Mo. banc 1990); *Roberts v. State,* 775 S.W.2d 92, 96 (Mo. banc 1989) (Blackmar, C.J., concurring), citing *Gilmore v. Delo,* 1989 WL 109554 (E.D.Mo.1989).

*McKoy* further refined the *Mills* holding by making it clear that individual jurors could not be precluded from considering mitigating circumstances in addition to those which the jury found unanimously. The instructions in question posed four issues, reading as follows: (We include bracketed numbers, not a part of the actual instruction, to facilitate our discussion.)

■ ... "Do you unanimously find from the evidence, beyond a reasonable doubt, the existence of one or more of the following aggravating circumstances?"

\* \* \* \* \* \*

■ "Do you unanimously find from the evidence the existence of one or more of the following mitigating circumstances?" ...

\* \* \* \* \* \*

"If you do not unanimously find this mitigating circumstance by a preponderance of the evidence, so indicate by having your foreman write, 'No,' in that space" on the verdict form.... "In the space after each mitigating circumstance, write 'Yes,' if you unanimously find that mitigating circumstance by a preponderance of the evidence. Write, 'No,' if you do not unanimously find that mitigating circumstance by a preponderance of the evidence."

\* \* \* \* \* \*

■ "Do you unanimously find beyond a reasonable doubt that the mitigating circumstance or circumstances *found by you* is, or are, insufficient to outweigh the aggravating circumstance or circumstances found by you?" ...

■ "Do you unanimously find beyond a reasonable doubt that the aggravating circumstance or circumstances found by you is, or are, sufficiently substantial to call for the imposition of the death penalty when considered with the mitigating circumstance or circumstances *found by you?* " ...

*McKoy,* 494 U.S. at ——, 110 S.Ct. at 1230.

The Court found that jurors might construe those instructions so as to permit them to weigh, under the third and fourth issues, only such mitigating circumstances as were unanimously found under the second issue. This was held to violate the *Mills* rule. The state argued that the fourth issue provided a "wrapup," by making it clear that the jury did not have to authorize a death sentence under any circumstances. The court found this inadequate, because the fourth issue simply directed the jury to weigh the aggravating circumstances, and there was no authorization at this point for any juror to consider mitigating circumstances which had not been found unanimously. The Court cited *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) for the proposition that the jury had to be free to consider all mitigating circumstances.

Our system of instruction is very different from North Carolina's. The italicized portion of Instruction 19, in our idiomatic terminology, is known as a "verdict director." It tells the jury what it must do if it unanimously finds that one or more mitigating circumstances exist which outweigh the aggravating circumstances it finds. If the jury makes this finding, it must return a sentence of life imprisonment. It has no further discretion, and its work is at an end.

Otherwise, the jury must consider the remaining instructions. This would bring it to Instruction No. 20, which tells it in unmistakable terms that it is never obliged to return a death sentence. It has already been told that, in making this decision, it may consider any circumstances it finds in mitigation of punishment. It is clear that in making this final resolution each juror may consider any fact or circumstance which he or she considers sufficient to indicate mitigation, or, for that matter, a juror may vote against a death sentence without having a reason. Our jurors are not restricted as the North Carolina jurors were under *McKoy*.

■ The defendant argues that the unanimity requirement of the italicized portion of Instruction 19 taints Instruction 20, by inducing jurors to believe that they are still limited only to such mitigating circumstances as they unanimously find. We do not agree. As we have just pointed out, Instruction 20 is absolutely free of any limiting language. We do not believe that there is a "reasonable likelihood," under the *Boyde* test, that a juror would interpret Instruction 19 as limiting the juror's complete discretion, as clearly conferred by Instruction 20.

■ The appellants point to the present provision in our pattern instructions, which reads as follows:

> It is not necessary that all jurors agree on the existence of the same mitigating circumstance. If each juror finds one or more mitigating circumstance sufficient to outweigh the aggravating circumstances found to exist, then you must return a verdict fixing defendant's punishment at imprisonment for life by the Division of Corrections without eligibility for probation or parole.

They suggest that these modifications show that the original instructions were faulty. We do not agree. It is our practice to prepare pattern instructions and to approve these instructions by court order. It is entirely appropriate to modify the pattern instructions to eliminate potential problems. It would be unfortunate if a state could avail itself of suggestions for improvement or clarification only at the risk of being charged with confession of error in the earlier forms.

The other issues in the case are disposed of by our prior opinion, 781 S.W.2d 534 (Mo. banc 1989). The judgment and sentence are affirmed.

ROBERTSON, RENDLEN, HIGGINS, COVINGTON and HOLSTEIN, JJ., and GRIMM, Special Justice, concur.

BILLINGS, J., not sitting.