Milton GRIFFIN, Appellant,

v.

STATE of Missouri, Respondent.

No. 72192.

Supreme Court of Missouri,
En Banc.

July 31, 1990.

Rehearing Denied Sept. 11, 1990.

Deborah B. Wafer, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Special Judge.

Milton Griffin (hereafter referred to as "movant") was charged with and convicted of two counts of first degree murder. § 565.020, RSMo 1986. After finding movant guilty, the jury assessed movant's punishment in Count I at life imprisonment without eligibility for probation or parole. The jury was unable to agree on punishment in Count II. The trial court assessed that punishment at death. The convictions were affirmed on direct appeal. *State v. Griffin*, 756 S.W.2d 475 (Mo. banc 1988), *cert. denied,* — U.S. ——, 109 S.Ct. 3175,

104 L.Ed.2d 1036 (1989).[1] This is an appeal of movant's Rule 29.15 motion for post-conviction relief in which movant seeks to set aside or amend those convictions and sentences.[2] The motion court denied relief. This Court affirms.

Movant contends that the motion court erred in that: (1) it did not make findings of fact and conclusions of law sufficient to permit appellate review of all points raised in his motion for post-conviction relief; (2) it denied relief on his complaint that the trial court refused to let a psychologist state an expert opinion as to whether movant was capable of forming the requisite intent to commit first degree murder; (3) it denied relief on his complaint that the trial court gave a constitutionally defective instruction in the penalty phase of his criminal trial; (4) it did not find that he received ineffective assistance of counsel because evidence was not presented nor the jury instructed on all mitigating circumstances during the punishment phase of the trial of movant's criminal case; (5) it did not find that he received ineffective assistance of counsel for the reason that his counsel failed to request, and the court in the trial of movant's criminal case failed to give, an instruction cautioning the jury as to the credibility of the testimony of appellant's codefendant, Darren Walters; (6) it dismissed his second amended Rule 29.15 motion as not being timely filed without consideration of individual circumstances regarding the untimeliness of its filing; (7) it denied relief on his complaint that the trial court in the criminal case excluded evidence that the death penalty does not deter others from committing homicide; and (8) it denied relief on his complaint that this Court struck portions of the brief filed in the direct appeal of his criminal case.

This Court's review of movant's points on appeal is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule

---

1. A detailed recital of the facts in the criminal case is set forth at 756 S.W.2d at 478–80.

2. Sentences in the underlying criminal case were pronounced prior to January 1, 1988.

Movant, having filed no prior motion for post-conviction relief, timely filed his Rule 29.15 motion June 29, 1988. Rule 29.15(m).

29.15(j). For purposes of considering references to proceedings in the underlying criminal case, this Court judicially notices its file in Case No. 69733, the direct appeal of movant's criminal case, and the contents thereof, including the record on appeal in that case.

■ Movant's first point on appeal is that the motion court failed to make findings of fact and conclusions of law sufficient to permit appellate review of all points presented by movant's Rule 29.15 motion.[3] In movant's original pro se motion, he alleged at paragraphs 8(u)3 and 8(u)4:

> 3. DURING CLOSING ARGUMENT FIRST SEGMENT, AND SECOND SEGMENT OF CLOSING ARGUMENT, STATE ASSISTANT PROSECUTOR MADE IMPROPER ARGUMENTS THAT WENT BEYOND THE EVIDENCE, THAT MISLEAD [sic] THE JURY, AND INFLAMED THE JURY TO ACT AS CONSCIENCE OF COMMUNITY AND PREMISED ON FACTS THAT WAS [sic] INACCURATE; AND NOT SUPPORTED BY EVIDENCE;
>
> 4. DURING THE PENALTY PHASE AT THE OPENING SEGMENT AND CLOSING SEGMENT OF STATES [sic] CLOSING ARGUMENT THE STATE ASSISTANT PROSECUTOR USED IMPROPER ARGUMENT THAT AROUSED THE PASSION AND PREJUDICE OF THE JURY THROUGH ARGUMENT OF IMPACT OF THE VICTIM.

In his first amended motion, he alleged at paragraph 8.U(3)

> U. Movant was deprived of his right to a fair trial pursuant to the U.S. Constitution and the Missouri Constitution as a result of prosecutorial misconduct, in the following respects:
>
> .    .    .    .    .
>
> (3) Counsel for the State knowingly violated Movant's right to a fair trial by making statements during his closing ar-

guments in both guilt and penalty phases of the trial that were not supported by the evidence, were improper under the law, and inflamed the prejudice and passion of the jury against Movant.

It is these points that movant complains were not addressed in the motion court's findings of fact and conclusions of law.

Movant points to the requirement that specific findings of fact and conclusions of law are required as to all issues presented to the motion court. Rule 29.15(i). However, movant's complaints in his first point on appeal are directed to issues that were before the trial court in the course of movant's criminal trial. They are allegations of trial errors which are for review by direct appeal. Matters that should have been raised on direct appeal may not be raised in a post-conviction motion except where fundamental fairness requires otherwise. *Walls v. State,* 779 S.W.2d 560, 563 (Mo. banc 1989); *Roberts v. State,* 775 S.W.2d 92, 96 (Mo. banc 1989); *McCrary v. State,* 529 S.W.2d 467, 472 (Mo.App.1975). Movant has shown no exceptional circumstances that demonstrate these issues could not have been addressed in the direct appeal of his criminal case. Fundamental fairness does not require them to now be addressed by means of a motion for post-conviction relief. They are not now cognizable in this Rule 29.15 post-conviction motion. For that reason, no error resulted from the motion court's failure to enter specific findings or conclusions with respect to those issues. Movant's first point on appeal is denied.

■ Movant next contends that the motion court erred in denying his post-conviction motion for the reason that the trial court, in the underlying criminal case, refused to allow a psychologist to express his opinion, as an expert, as to whether movant "was capable of cool and deliberate reflection at the time of the murders."

Movant called the psychologist, Dr. Michael Armour, as a witness at the criminal trial. Dr. Armour testified that he had

---

**3.** At paragraph 11 of his first amended motion, movant stated that he reasserted and realleged all the matters raised by his pro se motion and

that all of its provisions were incorporated by reference in the first amended motion.

examined movant and, based upon that examination, found that movant suffered from attention disorder deficit. He further testified that movant had a history of alcohol and drug abuse. Movant's trial counsel posed the hypothetical question, "Do you have an opinion, Doctor, with a reasonable degree of psychological certainty as to whether or not that person would be able to coolly or fully reflect on his behavior at that time?" The state objected contending that the question was speculative, "was based upon a set of circumstances half of which have not been proven." The state further objected that the question "invades the province of the jury." The objection was sustained.

The motion court found that this was an allegation by movant of trial error in the underlying criminal case, that the point could have been alleged on direct appeal. The motion court added: "In addition the court doubts whether Dr. Armour could have been willing to give such an opinion in light of his conclusion that Movant did not suffer from a mental disease or defect and in light of the strong evidence of premeditation contained in Movant's own confession."

As previously stated, matters that may be raised on direct appeal may not be raised in a post-conviction motion absent a showing that fundamental fairness requires otherwise. *Walls v. State, supra; Roberts v. State, supra; McCrary v. State, supra.* Notwithstanding, movant has directed this court's attention to *State v. Barnes,* 740 S.W.2d 340 (Mo.App.1987), *State v. Brigham,* 709 S.W.2d 917 (Mo. App.1986), and *State v. Thompson,* 695 S.W.2d 154 (Mo.App.1985). Each of those cases is a direct appeal of a criminal case, not an appeal of a motion for post-conviction relief. Each of those cases had a defense presented based upon mental disease or defect; whereas, in movant's case, no mental disease or defect defense was presented. None of those cases addressed the question of whether an expert opinion that an accused lacked the mental capacity to form a specific intent which is an element of the criminal offense charged—an ultimate fact to be submitted to a jury—may be given by a psychologist.[4] By this point on appeal, movant again attempts to raise a matter that could have been alleged as trial error in the direct appeal of his criminal case. The findings and conclusions of the motion court on this point are not clearly erroneous. Movant's second point on appeal is denied.

■ The third point on appeal is directed to the giving of "Instruction No. 13,"[5] MAI–CR3d 313.44, in the penalty phase of the trial. Movant argues that the instruction is erroneous in that Instruction No. 13 is contrary to the principles announced in *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988).[6] *Mills* held that jurors could not be confined to consid-

---

**4.** *State v. Brigham,* 709 S.W.2d at 920, specifically states, "Whether or not an expert opinion that a defendant had a mental disease or defect which prevented him from forming a specific intent is admissible, in the absence of a statute, is not before the court."

**5.** The jury instructions in the penalty phase of movant's criminal case were numbered in their own sequence, i.e., the numbering sequence of the jury instructions given in the penalty phase of the criminal trial was not a continuation of the numbering sequence utilized in the guilt phase of movant's criminal trial.

**6.** The context of the pertinent part of MAI–CR3d 313.44, as given in the penalty phase of movant's criminal case, is:

As to Count II, if you decide that one or more sufficient aggravating circumstances exist to warrant the imposition of death, as submitted in Instruction No. 12, you must then determine whether one or more mitigating circumstances exist which outweighed the aggravating circumstance or circumstances so found to exist. In deciding that question, you may consider all of the evidence relating to the murder of Jerome Redden.

You *may* also consider any circumstances which you find from evidence in mitigation of punishment.
*If you unanimously find that one or more mitigating circumstances exist sufficient to outweigh the aggravating circumstances found by you to exist, then, on Count II you must return a verdict fixing defendant's punishment at imprisonment for life by the Division of Corrections without eligibility for probation or parole.* (Emphasis added).

eration of mitigating circumstances that the jury found unanimously.

Being an instruction issue in the underlying criminal case, this also is a matter which would have been properly addressed on the direct appeal. *Roberts v. State, supra.* However, in view of the nature of the issue raised and the recent development of the law in Missouri in regard to that issue, it is appropriate to note that this Court in *State v. Petary,* 790 S.W.2d 243 (1990), resolved the point that movant now presents. The issue was decided adversely to movant. *Petary* held that this state's method of instructing juries in first degree murder cases, taking the instructions used for that purpose as a whole, does not violate the principles established in *Mills.*

The jury in movant's criminal case was instructed in the same manner, with respect to the punishment phase of the trial, as the jury in *Petary.* The jury was given MAI–CR3d 313.30 advising, among other things, that they "must not single out certain instructions and disregard others or question the wisdom of any rule of law." Also, as in *Petary,* the jury, in the punishment phase of movant's criminal case, was given MAI–CR3d 313.46. MAI–CR3d 313.- 46 instructed the jury that they were not compelled to fix punishment at death even if they did not find mitigating circumstances sufficient to outweigh the aggravating circumstances that they might find.[7] For the reasons given in *Petary,* movant's third point is without merit. It is denied.

■ Movant's fourth and fifth points on appeal allege ineffective assistance of counsel in his criminal case. In reviewing the determinations of the motion court with respect to movant's claims of ineffectiveness of counsel, this Court focuses on (1) counsel's performance, and (2) if that performance is deficient, whether prejudice resulted from the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct.

2052, 2064, 80 L.Ed.2d 674 (1983); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). "Counsel's performance is assessed by determining if counsel acted 'reasonably within prevailing professional norms under all circumstances.' *See Sanders* at 858." *Driscoll v. State,* 767 S.W.2d 5, 7 (Mo. banc 1989). "*Reasonably* effective assistance may be defined as 'the skill and diligence that a *reasonably* competent attorney would exercise under similar circumstances.'" *State v. Sanders, supra,* at 858, *quoting Thomas v. Lockhart,* 738 F.2d 304, 307 (8th Cir.1984) (emphasis in *Sanders* ).

Movant claims, for his fourth point on appeal, that there was evidence of additional mitigating circumstances that his attorney failed to present at trial and about which the trial court failed to instruct the jury. He identifies six matters that he contends his attorney did not raise. He claims this omission constitutes ineffective assistance of counsel. The matters that movant asserts should have been presented as additional mitigating circumstances are: (1) movant provided information that cleared other persons wrongfully arrested in connection with the offenses charged in the underlying criminal case; (2) movant, even while imprisoned for life, could have a positive influence on his family as a father, son, and brother; (3) movant, as a result of his attention deficit disorder, "was unable to coolly deliberate at the time of the offense;" (4) movant had shown remorse for his actions; (5) the death penalty is not a deterrent and the execution of movant would have an exacerbating effect on the homicide rate; and (6) "statutory mitigating circumstances Section 565.032.3(1), (2), and (5) Mo.R.Stat. (Supp.1989)."

The issues denominated as (1), (4), (5), and (6) were not presented to the motion court. Claims not raised before the motion court cannot be considered for the first

---

7. The format that MAI–CR3d 313.46 prescribes and that was followed in movant's criminal case is:

(As to Count ——, you) (You) are not compelled to fix death as the punishment even if you do not find the existence of one or more mitigating circumstances sufficient to out-

weigh the aggravating circumstance or circumstances which you find to exist. You must consider all the circumstances in deciding whether to assess and declare the punishment at death. Whether that is to be your final decision rests with you.

time on appeal. "If issues are not presented to the trial court [in the] motion to set aside the convictions and the hearing did not focus in on the issues, they may not be considered on appeal." *Grubbs v. State,* 760 S.W.2d 115, 120 (Mo. banc 1988), *quoting from Anderson v. State,* 647 S.W.2d 883, 884 (Mo.App.1983) (*Grubbs* misquotes *Anderson*).

Remaining issues raised by movant in his fourth point on appeal are that he, even in prison, could have a positive influence on other family members (issue 2), and that as a result of his attention deficit disorder, he was unable to coolly deliberate at the time of the commission of the offenses for which he was found guilty (issue 3).

The motion court found:

There was no evidence that Movant was under the influence of extreme mental or emotional distress at the time of the crime. The evidence at trial, including Movant's confession, showed Movant methodically and in cold blood, rob [sic] and kill [sic] the victims with Antoine Owens' assistance. Finally, the fact that Movant's attorney chose not to offer mitigating evidence amounts to trial strategy, a strong presumption which Movant failed to overcome.

Furthermore, movant's brief sets forth a proposed instruction, "Instruction No. B," which his counsel in the criminal case tendered to the trial court. That instruction set forth proposed mitigating circumstances to be considered in the punishment phase of the trial of movant's criminal case. Among the proposed mitigating circumstances were:

. . . . .

5. That the defendant is a member of a family that will deeply feel his loss.

. . . . .

7. That the defendant can make a contribution to society even while in prison.

. . . . .

9. That the defendant suffers from an attention defect disorder that effects [sic] his ability to control his impulses.

. . . . .

Movant's trial counsel cannot be found derelict because, rightly or wrongly, the trial judge refused to give the instruction that was tendered. If the trial court, in the underlying criminal case, erred by not giving that instruction, that is a matter of trial error to be addressed on direct appeal. It is not a basis for finding movant's trial counsel deficient. *Cole v. State,* 573 S.W.2d 397, 403 (Mo.App.1978).

Considering all the circumstances presented by the record before this Court, including the record from the trial of the underlying criminal case, movant's counsel's actions appear reasonable and are, therefore, not deficient. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The findings and conclusions of the trial court as to movant's fourth point on appeal are not clearly erroneous. That point is denied.

■ For his fifth point on appeal, movant complains that trial counsel in his criminal case was ineffective for the reason that trial counsel failed to request the trial court to give a jury instruction "cautioning the jury as to the testimony of [movant's] codefendant Darren Walters."

This point on appeal differs from related points presented to the motion court. Movant now claims that his attorney in the underlying criminal case was deficient in not tendering a special cautionary instruction regarding the credibility of the testimony of his "codefendant Darren Walters." In the Rule 29.15 motion before the hearing court, movant alleged trial court error in not so instructing the jury, not ineffective assistance of counsel.[8] The

---

8. In the post-conviction motion before the motion court, movant addressed the jury instruction issue he now characterizes as ineffective assistance of counsel in the following ways. In his original pro se motion he alleged:

The trial court erred in not giving specific caucautionary [sic] insrtuct [sic] the jury regarding the testimony of state witness Darren Walters, in that said witness was a co-defendant of the movant and that said witness had a motive to be perjurous [sic] and bias, and

finding of the motion court on the issue as it was there presented was:

> Movant alleges a trial court error which is not cognizable in a post-conviction relief proceeding unless it is so glaring as to make the trial unfair. *Edwards v. State*, 535 SW2d 124 [(Mo.App.1976)]. Movant's counsel effectively cross-examined the witness to show his bias and thus Movant suffered no prejudice.

As stated throughout this opinion, trial error is a subject for direct appeal, not a subject cognizable by motion for post-conviction relief absent exceptional circumstances. The finding of the motion court is not clearly erroneous. Movant is not now entitled to pose the jury instruction issue differently from the points raised before the motion court. This issue was not raised before the motion court as an ineffective assistance of counsel issue. *Mack v. State*, 775 S.W.2d 288, 292 (Mo.App. 1989); *Anderson v. State, supra.*[9] Movant's fifth point is denied.

█ Movant's sixth point on appeal alleges that the motion court erred in dismissing a second amended Rule 29.15 motion. He claims that the application of the schedule mandated for filing Rule 29.15 motions is constitutionally defective.

Movant's original Rule 29.15 motion (his pro se motion) was filed June 29, 1988. Counsel was appointed September 21, 1988. An extension of time was granted within which to file the first amended motion. That first amended motion was filed November 17, 1988. An evidentiary hearing was held commencing January 18, 1989. The respective attorneys were granted time in which to submit proposed findings of fact and conclusions of law. On June 16, 1989, before the motion court had entered its findings and conclusions, but after the evidentiary hearing, movant filed with the clerk a purported second amended motion. Thereafter, the motion court denied leave to file a second amended motion and struck the purported second amended motion.

Rule 29.15 prescribes the time when motions to which that rule applies may be filed. These time limitations have been held to be valid, mandatory and reasonable. *Day v. State*, 770 S.W.2d 692, 695–96 (Mo. banc 1989). The motion court did not abuse its discretion in denying movant leave to file a second amended motion. *Sloan v. State*, 779 S.W.2d 580 (Mo. banc 1989); *White v. State*, 779 S.W.2d 571 (Mo.

---

that said cautionary instruction goes to the credibility of said witness, inamission [sic] of specific cautionary instruction, deined [sic] movant has constitutionally guaranteed right to a fair trial and right to due process, and to be jugded [sic] by a fair and impartial jury. In the first amended motion, the allegation was:

> The Trial Court erred and therefore denied Movant his guaranteed right to a fair trial as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, by refusing to submit to the jury a cautionary instruction regarding the testimony of State's witness Darren Walters because said witness was a co-defendant of the Movant and that cautionary instruction would have helped the jury determine the credibility of the witness, and the weight to be given his testimony.

9. The type of instruction which movant asserts his attorney in the underlying criminal case should have tendered is not required unless requested in the form of MAI–CR3d 310.18. However MAI–CR3d 302.01, a cautionary jury instruction given in all criminal trials, includes the paragraph:

> In determining the believability of a witness and the weight to be given to testimony of the witness, you may take into consideration the witness' manner while testifying; the ability and opportunity of the witness to observe and remember any matter about which testimony is given; any interest, bias, or prejudice the witness may have; the reasonableness of the witness' testimony considered in the light of all of the evidence in the case; and any other matter that has a tendency in reason to prove or disprove the truthfulness of the testimony of the witness.

Considering that the jury in movant's criminal case considered the instruction above quoted and that the witness about whom movant complains was cross-examined regarding bias and self-interest, this Court fails to perceive any basis for movant asserting that his attorney in the criminal case was deficient in not requesting a MAI–CR3d 310.18 type instruction, or even if such an additional instruction had been given, that a different result would have likely been reached in the trial of movant's criminal case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

banc 1989). Movant's sixth point on appeal is denied.

Movant's seventh point on appeal alleges that the motion court erred in not granting the relief sought by his Rule 29.15 motion for the reason that evidence that the death penalty does not deter homicides and that the execution of movant would have no deterrent effect was excluded at the trial of his criminal case. This point was presented in the direct appeal of movant's criminal case and determined adversely to him. *State v. Griffin, supra,* at 485. It may not be relitigated in a post-conviction proceeding. *O'Neal v. State,* 766 S.W.2d 91, 92 (Mo. banc), *cert. denied,* —— U.S. ——, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989). That point is denied.

Movant's eighth and final point is directed to circumstances that arose in the direct appeal of his criminal case. Movant's brief exceeded the page limitation prescribed by Rule 30.06(i). Those pages that exceeded the permissible number were stricken. Movant alleges that this prevented consideration of legitimate and meritorious issues and that the motion court erred by holding that this issue was not cognizable in a Rule 29.15 motion.

Rule 30.06(i) plainly states that an appellant's brief shall not exceed 100 pages in length. Movant offers no explanation for the excess length of his brief in the direct appeal of his criminal case nor is an explanation offered as to why, during the course of his direct appeal, prior leave to file a brief of greater length than permitted by Rule 30.06(i) was not requested. Neither does movant show that any legitimate and meritorious defense was stricken on direct appeal. Movant is not permitted to circumvent the Rules of Criminal Procedure that govern appellate procedure in all criminal cases by complaints in this post-conviction motion that the rules were applied, as written, to his displeasure. Movant's final point on appeal is denied.

The judgment of the motion court dismissing movant's Rule 29.15 motion is affirmed.

BLACKMAR, C.J., ROBERTSON, RENDLEN, HIGGINS, COVINGTON and HOLSTEIN, JJ., concur.

BILLINGS, J., not sitting.