**STATE of Missouri, Plaintiff–Respondent,**

v.

**Wayne Yardley, Defendant–Appellant.**

**No. 16830.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 29, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 21, 1990.

James V. Nichols, Lamar, for plaintiff-respondent.

J. Scott Pope, Asst. Sp. Dist. Defender, Springfield, for defendant-appellant.

PREWITT, Judge.

Following jury trial defendant was found guilty of resisting arrest and sentenced to fourteen days in the county jail and fined $100.00. Defendant appeals.

On appeal defendant presents one point relied on, stating that he "received ineffective assistance of counsel in that defendant's trial counsel only met with defendant twice to discuss trial strategy, which was an insufficient amount of time, and defendant was therefore prejudiced by having unprepared counsel". He contends that because of the inadequate time that his attorney spent with him, the attorney did not present evidence which would have been favorable to him and which "may have raised a reasonable doubt with the jury."

■ At the outset, we note that normally ineffective assistance of counsel claims are not raised on a direct appeal. However, when the record is sufficient, for example as at a new trial motion hearing, as was done here, such a claim can be reviewed. *State v. Settle*, 670 S.W.2d 7, 13 (Mo.App. 1984). As defendant correctly notes, Rule 29.15, which ordinarily would be a vehicle for testing an ineffective assistance of counsel claim, applies only to felonies. Rule 29.15(a).

■ To show ineffective assistance of counsel, the defendant must establish that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would and that he was prejudiced. *Roberts v. State*, 775 S.W.2d 92, 94 (Mo. banc 1989), cert. denied — U.S. ——, 110 S.Ct. 1506, 108 L.Ed.2d 640 (1990).

■ Defendant's trial attorney testified that he had met with defendant "about half a dozen" times before the trial. He had an investigation made of potential witnesses and called the only two witnesses given to him by defendant that were present when the offense allegedly occurred. There was ample evidence to support the trial court's finding that defendant did not receive ineffective assistance of counsel.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.