Terry IVY, Appellant,

v.

STATE of Missouri, Respondent.

No. 68446.

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1996.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joanne E. Joiner, Assistant Attorney General, Jefferson City, for respondent.

Before REINHARD, P.J., and KAROHL and GRIMM, JJ.

PER CURIAM.

Terry Ivy (Movant) appeals denial of Rule 24.035 relief without an evidentiary hearing. Movant sought relief from a guilty plea and life sentence on a charge of murder second degree, § 565.021.1(1) RSMo 1986, and a concurrent three year sentence on a related charge of armed criminal action, § 571.015 RSMo 1986. She alleges her pleas were involuntary for three reasons, her trial counsel: (1) told her if she went to trial she risked the death penalty; (2) informed her she would not serve more than ten years in prison on the sentences if she pled guilty; and, (3) failed to investigate a witness who would have supported her self-defense claim. The court found the factual allegations were conclusively refuted during the plea hearing. We reach the same conclusion.

■ We address movant's first two points together. We review a denial of Rule 24.035 relief in accord with *Gillespie v. State*, 785 S.W.2d 725, 726 (Mo.App.1990). During the plea hearing the following dialogue took

place regarding the range of punishment for both charges:

> [prosecutor]: Under the original charge Murder First, it was life with no parole, *the death penalty was waived* and under the amended charge the State is ready and willing and able, if necessary, to prove that defendant is not only a two-time convicted felon, but also a three-time, having served time over 120 days in the Missouri Department of Corrections, which would make her a Class X offender subject to 80% requirement to serve 80% of her sentence before parole would be eligible and we are electing not to proceed on that and simply to show that she's charged with that and pleading guilty to it pursuant to a non-prior or persistent or minimum term status, as such, and the punishment would go from 10 years to life on [second degree murder] and 3 years to infinity number of years or life imprisonment for Armed Criminal Action.

> COURT: Can you tell me the exact number of years you're recommending?

> [prosecutor]: Life imprisonment.

> COURT: Is there anything you don't understand about the range of punishment that [prosecutor] has recommended?

> DIEFENDANT (sic): No.

> COURT: Do you understand the range of punishment, do you understand the range of punishment?

> A. (Ivy): Yes, ma'am. (Our emphasis).

Movant was informed of the charges. She understood she would be charged as a class X offender. She was told the meaning of a class X offender, which would require her to serve 80 percent of her life sentence. The prosecutor indicated the state waived the death penalty when it amended the first degree murder charge to second degree murder. Movant acknowledged she understood the range of punishment and there was no risk of the death penalty if she decided to go to trial.

Furthermore, the record refutes her reliance on an alleged statement by her counsel that she would serve only ten years of the sentences. At the plea hearing the prosecutor indicated, based on the negotiations and recommendations, that the law required movant to serve fifteen years before she is allowed probation. Defense counsel questioned the prosecutor's statement of the law. The court asked movant if she understood there was a possibility she would not be eligible for parole for fifteen years. Movant acknowledged she understood and was still willing to plead guilty.

■ Movant's third point is also without merit. She claims the testimony of Russell January was essential for her self-defense claim. At the plea hearing when the court asked if she had any witnesses or evidence she wanted her attorney to present, she responded "No, ma'am." She did not express dissatisfaction with her attorney's representation. Moreover, the prosecutor informed the court the state could overcome movant's self-defense claim. The prosecutor indicated he investigated Russell January, and January denied he was with movant at the time of the crime. January also told the prosecutor he would agree to be called as a witness to refute that portion of the movant's statement. January would not have provided movant with a viable defense. *See State v. Pendleton,* 860 S.W.2d 807, 811 (Mo.App. E.D.1993).

Movant's allegations of ineffective assistance are conclusively refuted by the record. She is not entitled to an evidentiary hearing on those claims. Rule 24.035(g). The findings and conclusions of the trial court are not clearly erroneous.

We affirm.