**Merlin C. LONG, Appellant,**

v.

**STATE OF IOWA, Appellee.**

**No. 90–1196.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1990.

Decided Nov. 29, 1990.

---

Francis Goodwin of Sioux City, Iowa, for appellant.

Thomas D. McGrane, Asst. Atty. Gen., of Des Moines, Iowa, for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and BATTEY,* District Judge.

ARNOLD, Circuit Judge.

This is a petition for habeas corpus brought by Merlin C. Long, a prisoner in state custody. He is serving a sentence of life imprisonment as a consequence of his conviction, on a plea of guilty, to first-degree murder in 1964. This is Long's second federal habeas petition. We considered and rejected his first petition in *Long v. Brewer*, 667 F.2d 742 (8th Cir.), *cert. denied*, 459 U.S. 883, 103 S.Ct. 189, 74 L.Ed.2d 153 (1982). See also, *Long v. Brewer*, 253 N.W.2d 549 (Iowa 1977) (denial of state post-conviction relief).

In this case Long contends that he was under the influence of a drug at the time of

* The Hon. Richard H. Battey, United States District Judge for the District of South Dakota,

his guilty plea. He did not, therefore, knowingly and understandingly plead guilty and waive his right to trial by jury. Accordingly, Long says, his conviction and plea should be set aside, and he should be either released or tried.

At the time of the plea of guilty Long was taking an anti-psychotic drug called Stelazine. The drug had been prescribed for him by a psychiatrist employed by the State of Iowa, and no contention is made that this treatment was not medically appropriate. Long claims, rather, that the drug so altered his mood and behavior that he failed to understand what was happening, and what he was giving up, when he pleaded guilty.

At the time of Long's sentencing hearing, on September 8, 1964, the facts with respect to the drug were fully revealed to the District Court for Buena Vista County. The following adequately summarizes the situation:

Dr. Spencer: Although I wouldn't say this was actually a part of our examination, Mr. Long, after we had completed our formal examination, Mr. Long was in the hospital four days before transportation back to Storm Lake; I gave him Stelazine, S–t–e–l–a–z–i–n–e, a medication; I placed him on this. His response to the medication, which was very good, indicates that possibly—or lends credence to the possibility that underneath it all he is very deeply disturbed. We don't find this kind of response in an ordinary person. . . . But it did help him to concentrate, able to read, be able to sit down and play cards with the other patients there.

His profanity and nervous mannerisms dropped down considerably. He got along much better with the other patients. I think this is an important thing, that he continue to receive the medication wherever he is at. . . .

The Court: Doctor, you say that he has this disturbance of which you give this drug to calm him. . . .

sitting by designation.

These disturbances as you have found, are these disturbances caused by, according to science, because of all these former matters you have related here; is that what causes these disturbances, or does science know?

R. 146–147 (*Long v. Brewer*, No. 2–59169, appendix 67–68 (Iowa Supreme Court, 1977)).

We reject Long's contention. He has simply made no showing, either at the time of the state-court proceeding or in the present case, that the drug so affected him as to make him incapable of making a knowing and intelligent waiver of his trial rights. Certainly the drug had a strong effect. It was concededly an anti-psychotic mind-altering medication. But, as the District Court[1] aptly noted, "the record supports a conclusion that the medications helped Long as well as it does a conclusion that they harmed him." *Long v. Iowa*, Civil No. 87–4201, slip op. 15 (N.D.Iowa, order filed January 8, 1990). Indeed, at the time of the hearing in the state court the treating psychiatrist testified that Long "would be perfectly capable of aiding and assisting in his defense." R. 144 (*Long v. Brewer*, No. 2–59169, appendix 64 (Iowa Supreme Court, 1977)).

We do not believe that the facts before the state court required it to make any further inquiry. There was no reason to believe then, and Long has furnished no reason to believe now, that the drug interfered with Long's intellectual or emotional appreciation of the nature of the proceedings against him. Counsel for Long argues that being capable of aiding and assisting in one's defense is not the same thing as being capable of knowingly and intelligently waiving one's right to a trial. This distinction eludes us. The degree of concentration and understanding necessary to participate actively in a defense, it seems to us, is at least as intense as that required to understand by pleading guilty one is waiving a right to trial by jury, as well as other constitutional rights. The concepts involved, after all, are not difficult.

The burden is on Long to justify setting aside this conviction, which was entered by a state court of competent jurisdiction. We do not believe that he has satisfied this burden. For the reasons stated in this opinion, as well as for those given in the opinion of the District Court, we conclude that Long's petition was properly dismissed.

Affirmed.[2]

---

1. The Hon. Donald E. O'Brien, United States District Judge for the Northern and Southern Districts of Iowa.

2. We have assumed for purposes of this opinion that the merits of Long's contention are properly before us on this second petition for writ of habeas corpus. The state contends that Long is abusing the writ, and also that his failure to raise this drug-related contention in the state courts creates a procedural bar to federal habeas relief. Because the merits of this case are simple and plain, certainly plainer and simpler than these procedural defenses, we have chosen to go directly to the merits. We intimate no view on the applicability of the defense of abuse of the writ, or on whether Long's procedural default would bar consideration of the merits of his claim, if there were any merits.