**Lloyd Eugene SCHLUP, Appellant,**

v.

**Bill ARMONTROUT, Warden, Appellee.**

**No. 90–1164.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 10, 1990.

Decided July 22, 1991.

Rehearing En Banc Denied
Oct. 9, 1991.*

* See 945 F.2d 1062.

See also 524 S.W.2d 236 and 758 S.W.2d 715.

David C. Howard, St. Louis, Mo., for appellant.

Jared R. Cone, argued (William L. Webster, on brief), Jefferson City, Mo., for appellee.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

BEAM, Circuit Judge.

■ Lloyd Eugene Schlup, a Missouri death row inmate, appeals from the judgment of the district court[1] denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1988). Schlup asserts that the district court erred in holding that many of his ineffective assistance of counsel claims were procedurally barred, in denying another ineffective assistance of counsel claim on the merits, and in failing to grant him an evidentiary hearing on his habeas petition. Additionally, on the eve of oral argument before this court, Schlup filed a motion requesting this court to hold in abeyance a ruling on the merits of this appeal and allow him to submit certain claims to the Missouri state courts.[2] We deny the motion and affirm the judgment of the district court.

## I. BACKGROUND

On December 11, 1985, while in prison on an unrelated matter,[3] Schlup was convicted of capital murder in the death of a fellow inmate.[4] Schlup's conviction and sentence

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. Schlup also filed an affidavit in support of the motion, which was followed by appellee's motion to strike the affidavit and Schlup's response to the motion to strike. The affidavit shall not be considered because it was not part of the record on appeal. *See* Fed.R.App.P. 10. Therefore, the motion to strike is moot.

3. Schlup was convicted of committing assault and sodomy against a cellmate, Harold Johnson, while in the Pettis County Jail. *See* 27.26'

Transcript at 59. *See also State v. Schlup*, 724 S.W.2d 236 (Mo.) (discussing Schlup's conviction of assault and sodomy), *cert. denied*, 482 U.S. 920, 107 S.Ct. 3198, 96 L.Ed.2d 685 (1987). Johnson was later called as a witness in Schlup's murder trial. *See* text *infra* at 641–42.

4. Two co-defendants, Robert O'Neal and Rodnie Stewart, were also convicted of the same murder in separate trials. *See Schlup*, 724 S.W.2d at 238. O'Neal was convicted of capital murder and sentenced to death. *State v. O'Neal*, 718 S.W.2d 498 (Mo.1986), *cert. denied*, 480 U.S. 926, 107 S.Ct. 1388, 94 L.Ed.2d 702 (1987). Stewart

were affirmed on direct appeal by the Missouri Supreme Court. *State v. Schlup,* 724 S.W.2d 236 (Mo.), *cert. denied,* 482 U.S. 920, 107 S.Ct. 3198, 96 L.Ed.2d 685 (1987).

Schlup filed a state court motion for post-conviction relief under Missouri Supreme Court Rule 27.26. Schlup argued that his sentence and conviction should be vacated because he was denied effective assistance of trial counsel. Schlup claimed that his trial counsel failed to prepare for aggravating circumstances testimony and request a continuance of the trial to prepare for the testimony, and to investigate and call additional alibi witnesses. After an evidentiary hearing, the Missouri court held that Schlup's trial counsel was not ineffective and denied Schlup's claim for post-conviction relief.

Schlup appealed the denial of post-conviction relief to the Missouri Supreme Court. Schlup reasserted the ineffectiveness claim based on aggravating circumstances testimony, but he did not reassert the argument that trial counsel failed to investigate and call additional alibi witnesses. The Missouri Supreme Court affirmed the denial of post-conviction relief on direct appeal. *Schlup v. State,* 758 S.W.2d 715 (Mo.1988).

Schlup subsequently filed a petition for writ of habeas corpus in federal district court asserting numerous claims based on ineffective assistance of counsel. Schlup reasserted the claim that his trial counsel was ineffective in failing to prepare for aggravating circumstances testimony or request a continuance, and the claim that trial counsel was ineffective in not calling additional alibi witnesses. In addition, Schlup asserted, for the first time before

the district court, claims based on trial counsel's failure to offer psychiatric or psychological testimony as mitigating evidence during the guilt phase of Schlup's trial, and failure to object to unconstitutional jury instructions. Schlup argued that none of his claims should be procedurally barred because the ineffective assistance of his state court appellate and post-conviction counsel provided cause to justify the procedural default, and that prejudice resulted from the ineffective assistance. Schlup requested, but was denied, an evidentiary hearing on his petition.

The district court denied Schlup's petition. The court held that Schlup's new claims, that trial counsel was ineffective in failing to offer psychiatric or psychological testimony and to object to jury instructions, as well as the previous claim that trial counsel failed to call additional alibi witnesses, were procedurally barred. The court concluded that these claims had not been adequately raised or pursued in state court and that Schlup failed to demonstrate cause for the procedural default.[5] Schlup's remaining claim, that trial counsel failed to prepare for aggravating circumstances testimony and request a continuance of the trial, had been, according to the district court, exhausted in state court. However, the claim was denied on its merits.

On appeal to this court, Schlup raises all of the same claims for ineffective assistance of counsel stated above. In addition, Schlup raises an additional claim not raised in either the state courts or the federal district court. He states that trial counsel failed to object to the state's prejudicial closing argument.[6] Thus, in sum,

---

was convicted of capital murder and sentenced to life imprisonment without parole for fifty years. *State v. Stewart,* 714 S.W.2d 724 (Mo.Ct. App.1986). The facts of the murder are fully set forth in the opinion of the Missouri Supreme Court in *Schlup,* 724 S.W.2d at 238.

**5.** Schlup also argued that his claims should be considered despite the procedural default because his conviction and sentence were fundamentally unfair. Schlup contended that in appropriate cases the procedural default "principles must yield to the imperative of correcting a fundamentally unjust incarceration." *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 1575–76,

71 L.Ed.2d 783 (1982). *See Wainwright v. Sykes,* 433 U.S. 72, 91, 97 S.Ct. 2497, 2508–09, 53 L.Ed.2d 594 (1977). The district court, however, concluded that Schlup could not demonstrate such injustice.

**6.** Schlup asserts that this claim had been presented before the district court. In his reply brief, Schlup directs opposing counsel and the court to the reply brief he filed in district court. Appellant's Reply Brief at 2. We have not been supplied with a copy of the brief referenced by Schlup. However, we note that this claim was not raised in either Schlup's motion for post-

Schlup asserts four claims which have not been addressed by the state courts. They include his trial counsel's failure to call additional alibi witnesses, offer psychiatric or psychological testimony as mitigating evidence, object to unconstitutional jury instructions, and object to the state's prejudicial closing argument. He also asserts one exhausted claim based on his trial counsel's failure to be prepared to present aggravating circumstances testimony at trial. Schlup argues that all of his ineffectiveness claims should be granted on their merits because the ineffective assistance of his appellate and postconviction counsel provides cause to justify any procedural default. In addition, Schlup asserts that the district court erred in not granting him an evidentiary hearing on his habeas corpus petition.

## II. DISCUSSION

### A. Motion to Hold Appeal in Abeyance

One day before oral argument Schlup filed a motion to hold this case in abeyance. Schlup requests this court to postpone a ruling on the merits of this appeal and allow him to submit certain habeas claims to the Missouri state courts. We deny the motion.

In his motion, Schlup asserts that a recent decision of the United States Supreme Court establishes that he is entitled to relief on his habeas petition, and he argues that this claim should be presented to the state courts before proceeding with this appeal. Schlup contends that *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), which was decided after Schlup's trial and commencement of postconviction proceedings, establishes that a jury instruction given in Schlup's trial was unconstitutional. In *Mills,* the state sen-

tencing scheme required the imposition of the death penalty if mitigating circumstances did not outweigh aggravating circumstances. The jury instruction at issue in *Mills* required the jury to unanimously find the existence of the same mitigating circumstance before such circumstance could be considered by the jury to outweigh any aggravating circumstances. The Supreme Court invalidated the instruction because the instruction prevented individual jurors from considering all relevant mitigating circumstances, whether unanimously perceived or not, as a basis for imposing a penalty less than death. *Id.* at 384, 108 S.Ct. at 1870.

Schlup asserts that a jury instruction given in his case similarly required the jury to unanimously find the same mitigating circumstance before the jury could consider whether that mitigating circumstance outweighed any aggravating circumstances. *See* Respondent's Exhibit B at 98 (jury instruction 19). Thus, Schlup argues that the jury at his trial was required to impose the death sentence if it could not unanimously find the same mitigating circumstance. Schlup asserts that holding this appeal in abeyance pending further state action is an appropriate remedy. *See Fletcher v. Armontrout,* 733 F.Supp. 1348, 1349 (W.D.Mo.1990) (court held habeas petition in abeyance pending state action). *See also Byrd v. Delo,* 917 F.2d 1037, 1039 (8th Cir.1990) (court may reconsider habeas claims if petitioner has shown a change in the law).

This appeal should not be held in abeyance. Schlup seeks to return to state court and present a claim under the provisions of Missouri Supreme Court Rule 91, rather than the post-conviction relief provisions of Rules 24.035 and 29.15.[7] The Mis-

conviction relief, *see* 27.26 Legal file at 4, or during the post-conviction hearing, *see* 27.26 Transcript, and the district court did not address this claim in either of its orders. *See Schlup v. Armontrout,* No. 89–0020C(3), slip op. (E.D.Mo. Nov. 21, 1989); *Schlup v. Armontrout,* No. 89–0020C(3), slip op. (E.D.Mo. May 31, 1989). Thus, we consider the claim as raised for the first time on this appeal.

7. Effective January 1, 1988, the Missouri Supreme Court adopted Rule 29.15, which together with Rule 24.035, repealed and replaced Rule 27.26. Although Schlup was sentenced before January 1, 1988, while Rule 27.26 was effective, he sought and was denied post-conviction relief under Rule 27.26, and that proceeding is no longer pending. Thus, any additional post-conviction proceeding by Schlup would not be governed by Rule 27.26, but by Rules 24.035 and

souri Supreme Court has not determined whether a petitioner may bring a Rule 91 petition after other post-conviction proceedings, or whether Rule 29.15 provides the exclusive post-conviction remedy to incarcerated persons. Because federal courts may not grant a habeas corpus petition unless the petitioner has exhausted all state remedies, *see* 28 U.S.C. § 2254(b), this undecided question has created problems in resolving exhaustion issues in federal habeas actions. *See Hampton v. Miller,* 927 F.2d 429 (8th Cir.1991); *Fletcher,* 733 F.Supp. at 1349. Although given the opportunity, the Missouri Supreme Court has chosen not to clarify the status of Rule 91. *See Fletcher,* 733 F.Supp. at 1349 (discussing the Missouri Supreme Court's failure to address this question when certified); *White v. State,* 779 S.W.2d 571, 573 (Mo. 1989) (noting that the writ of habeas corpus arises from the Missouri Constitution and "may not be eliminated by statute or rule," but declining to resolve whether a remedy is available under Rule 91). We do not have to reach this issue, however, because even if a remedy is available to Schlup in state court, permitting Schlup to return to state court would be futile. *See Powell v. Wyrick,* 657 F.2d 222, 224 (8th Cir.1981) (exhaustion requirement excused as futile if state court will not hear petitioner's claim).

The Missouri Supreme Court has previously rejected the *Mills* argument now advanced by Schlup. *See State v. Petary,* 790 S.W.2d 243, 245 (Mo.), *cert. denied,* —— U.S. ——, 111 S.Ct. 443, 112 L.Ed.2d 426 (1990); *State v. Smith,* 781 S.W.2d 761, 768 (Mo.1989), *vacated and remanded,* —— U.S. ——, 110 S.Ct. 1944, 109 L.Ed.2d 306, *aff'd on remand,* 790 S.W.2d 241 (1990). In *Petary* and *Smith,* the Missouri Supreme Court rejected the *Mills* argument on two bases. First, the court held that the mitigating circumstance instruction given in Missouri, which is a form instruction traditionally used by Missouri courts, is "markedly different" than the instruction given in *Mills,* and that the language of the Missouri instruction does not require a jury to be unanimous in finding each mitigating circumstance. *Smith,* 781 S.W.2d at 768. Second, the court held that *Mills* is not applicable to the Missouri instructions because an additional instruction used by Missouri courts specifically gives the jury discretion to impose a life sentence rather than death despite the existence of any aggravating circumstances. *Petary,* 790 S.W.2d at 246; *Smith,* 781 S.W.2d at 768. *See also Roberts v. State,* 775 S.W.2d 92, 96 (Mo.) (Blackmar, C.J., concurring) (distinguishing *Mills* ), *cert. denied,* —— U.S. ——, 110 S.Ct. 1506, 108 L.Ed.2d 640 (1990).

The mitigating circumstance instruction given in *Petary* and *Smith* contained the same relevant language as the instruction given in Schlup's trial. *Compare* Respondent's Exhibit B at 98 (jury instruction 19) ("If you unanimously decide that a sufficient mitigating circumstance or circumstances exist which outweigh the aggravating circumstance or circumstances found by you to exist, then you must return a verdict fixing defendant's punishment at imprisonment for life....") *with Petary,* 790 S.W.2d at 244–45 ("If you unanimously find that one or more mitigating circumstances exist sufficient to outweigh the aggravating circumstances found by you to exist, then you must return a verdict fixing defendant's punishment at imprisonment for life....") *and Smith,* 781 S.W.2d at 767–68 (same language as *Petary* ). In addition, the Missouri instruction giving the jury discretion to impose a life sentence rather than death despite the existence of any aggravating circumstances was given in Schlup's trial. *Compare* Respondent's Exhibit B at 99 (jury instruction 20) *with Petary,* 790 S.W.2d at 246 *and Smith,* 781 S.W.2d at 768.

### B. Merits of Appeal

■ On review of an application for habeas corpus, the issue of effective assistance of counsel presents a mixed question of law and fact. Thus, this court may review the district court's conclusions on ineffectiveness de novo. *Laws v. Ar-*

---

29.15. *See* Rule 29.15(m); *Barks v. Armontrout,* 872 F.2d 237, 239 (8th Cir.1989).

*montrout,* 863 F.2d 1377, 1381 (8th Cir. 1988) (en banc), *cert. denied,* 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). The district court's findings of fact, however, are reviewable under the clearly erroneous standard. *Id.* We conclude that the district court did not err in barring claims not raised in state court, or in denying Schlup's remaining claim on its merits. Furthermore, the district court was not required to hold an evidentiary hearing on Schlup's petition.

### 1. *Ineffective Assistance of Counsel*

 To prevail on a claim of ineffective assistance of counsel, Schlup must satisfy the two-step test announced in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). First, Schlup must establish that counsel provided professionally unreasonable service. Counsel's errors must be so egregious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, Schlup must demonstrate that counsel's inferior performance prejudiced the defense to the extent that he was denied the right to a fair trial. There must be a reasonable probability that but for counsel's errors, the result of the trial would have been different. Upon reviewing a claim based on ineffective assistance of counsel, the court presumes that counsel's performance "falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065. The court need not consider the prejudice element if the performance element has not been satisfied, and vice versa. *Id.* at 697, 104 S.Ct. at 2069–70.

### a. Claims Not Properly Raised in State Proceedings

 Schlup's claims based on trial counsel's failure to call additional alibi witness-es, offer psychiatric or psychological testimony, object to unconstitutional jury instructions, and object to the state's prejudicial closing argument have not been properly presented to the state courts. Ordinarily, claims not properly presented to state courts will be barred from consideration by a federal court on habeas review unless the appellant can demonstrate cause for the procedural default and actual prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 90, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977). Schlup asserts that the ineffective assistance of his state court appellate counsel and post-conviction counsel provides cause to justify the procedural default, and that prejudice will result from barring the claims. Schlup claims that appellate counsel did not raise trial counsel's errors on the appeal of Schlup's conviction, and that post-conviction counsel similarly failed to raise these claims in the post-conviction proceeding.

The district court barred the claims which had not been properly raised in state court, reasoning that ineffective assistance of post-conviction counsel could not constitute the cause necessary to excuse the procedural default. The court held that the cause required to excuse a procedural default must be cause that could constitute an independent ground justifying habeas corpus relief, and ineffectiveness of post-conviction counsel is not an independent basis for such relief. *See Schlup v. Armontrout,* No. 89–0020C(3), slip op. at 11 (E.D.Mo. May 31, 1989) (citing *Murray v. Carrier,* 477 U.S. 478, 489, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986); *Mitchell v. Wyrick,* 727 F.2d 773, 774 (8th Cir.), *cert. denied,* 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984)).[8]

---

**8.** This circuit has clearly announced, after the district court's judgment, that ineffectiveness of post-conviction counsel can excuse a procedural default. *See Simmons v. Lockhart,* 915 F.2d 372, 376 (8th Cir.1990); *Shook v. Clarke,* 894 F.2d 1496, 1497 (8th Cir.1990); *Shaddy v. Clarke,* 890 F.2d 1016, 1018–19 & n. 4 (8th Cir.1989); *Harper v. Nix,* 867 F.2d 455, 457 (8th Cir.), *cert. denied,* 491 U.S. 908, 109 S.Ct. 3194, 105 L.Ed.2d 702 (1989). However, appellee argues that these cases are not applicable to this case. Appellee contends that the four claims not properly raised in state court should be procedurally barred based on the analysis of the district court because the circuit's announcement that ineffective post-conviction counsel can constitute cause is a "new rule" that occurred after Schlup's federal habeas action. According to appellee, applying this "new rule" to this appeal would violate the prohibition in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103

The posture of this appeal dictates that we address the merits of the four underlying claims of ineffective assistance of trial counsel, rather than the procedural bar issue. The district court did not determine whether appellate counsel or post-conviction counsel were ineffective, and there is insufficient evidence in the record to evaluate these issues. The record, however, contains sufficient evidence to evaluate trial counsel. The actions of appellate and post-conviction counsel, given the claims asserted by Schlup, are relevant only in connection with trial counsel's competence. This appeal, therefore, can be resolved by addressing the merits of trial counsel's performance. *See Long v. Iowa,* 920 F.2d 4, 6 n. 2 (8th Cir.1990) (resolving merits of a claim because decision on merits was less complicated than procedural bar issue). Moreover, addressing the merits of Schlup's claims will not prejudice appellee.

We find that trial counsel's performance was not ineffective under the two-step test of *Strickland.* First, trial counsel was not ineffective under the performance component of *Strickland* in not investigating and calling additional alibi witnesses at the guilt phase of Schlup's trial. Schlup's principal argument during trial was that he was innocent of the murder, and he sought to establish that he was not present at the time and place of the offense. Trial counsel called three alibi witnesses, Oscar Dunbar, Bernard Bailey and Arthur St. Peter. Schlup did not advise trial counsel that additional persons, Robert O'Neal, Van Robinson, Lamont Griffin and Ricky McCoy, could also serve as alibi witnesses, and trial counsel did not interview or call any other person as an alibi witness. However, during his preparation for trial, counsel reviewed the testimony given by O'Neal at two previous trials of Schlup's co-defendants, and he reviewed statements of Griffin and McCoy which were given to investigators after the murder. Based on his review, trial counsel concluded that O'Neal's testimony could be damaging, and that any other testimony would be repetitive of the testimony to be presented at trial. Counsel was not ineffective in failing to interview and call witnesses whose testimony would be repetitive or potentially damaging, especially when Schlup failed to inform counsel of the possibilities of these witnesses with regard to an alibi defense.

Second, Schlup has not demonstrated that trial counsel's failure to offer expert psychiatric or psychological testimony as mitigating evidence prejudiced his case. In light of the numerous aggravating circumstances, including convictions for assault and involvement in a murder while incarcerated, the undeveloped testimony would not have been of sufficient weight to have changed the outcome of Schlup's trial. The expert psychiatric or psychological testimony would not with "reasonable probability" have been likely to change Schlup's sentence. *Strickland,* 466 U.S. at 694, 699–700, 104 S.Ct. at 2068, 2070–71. *See Stokes v. Armontrout,* 851 F.2d 1085, 1095–96 (8th Cir.1988), *cert. denied,* 488 U.S. 1019, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989). Trial counsel's performance was within the bounds of professional competency.[9]

L.Ed.2d 334 (1989). Because we will address the merits of trial counsel's performance, resolution of the procedural bar issue is unnecessary.

9. The dissent argues that trial counsel was ineffective in failing to consult psychiatrists or psychologists who had treated Schlup for a drug problem and that admission of this and other expert psychiatric or psychological testimony may have changed Schlup's sentence. However, our finding that the lack of expert psychiatric or psychological evidence did not prejudice Schlup's case is made in the context of numerous aggravating circumstances (rather than the single aggravating circumstance referenced by the dissent) and admission of lay testimony describing Schlup's horrible childhood.

In any event, Schlup's assertion that trial counsel was ineffective in failing to offer expert psychiatric or psychological testimony is subject to procedural bar, despite our decision to dispose of the issue on its merits. "Cause" to justify a procedural default under the cause and prejudice standard must be external to the petitioner. Although counsel's ineffectiveness can be cause, the ineffectiveness must "constitute[ ] a violation of petitioner's right to counsel, so that the error [can] be seen as an external factor, i.e., 'imputed to the State.'" *Coleman v.*

Third, trial counsel's failure to object to jury instructions is not ineffective assistance under *Strickland.* Schlup asserts that jury instructions 17–21, which include the aggravating and mitigating circumstances instructions, were unconstitutional and trial counsel should have objected to their use. According to Schlup, the jury instructions were unconstitutional in two respects. First, the instructions were unconstitutional under *Mills* because they required the jury to unanimously find the same mitigating circumstance before the jury could consider whether that circumstance outweighed any aggravating circumstances. Second, the instructions were unconstitutionally vague because they did not define "aggravating circumstances" and "mitigating circumstances." Schlup asserts that vagueness is established by the jury's request to the court during deliberations for a definition of "aggravating circumstances," which definition the court declined to give.

 Schlup has not satisfied the two-step test in *Strickland* respecting the jury instructions. The constitutional argument based on *Mills* is the same argument Schlup asserted in his motion to hold this appeal in abeyance. As stated in our discussion of that motion, his argument lacks merit. Furthermore, Schlup has not demonstrated that the failure to object on vagueness grounds prejudiced his case. The jury determined that two aggravating circumstances existed on the facts of Schlup's case, that Schlup had a substantial history of serious assaultive behavior and that the murder was committed by Schlup while in a place of lawful confinement. The jury found no mitigating circumstances to outweigh them. Even assuming confusion on the jury's part respecting the meaning of aggravating circumstances, the two circumstances found by the jury were in fact present in this case and were aggravating in nature. Schlup has not demonstrated how clarifying the alleged confusion would have prevented the jury from finding their presence. Thus, there is no reasonable probability that a vagueness objection by trial counsel would have changed Schlup's sentence.

 Fourth, Schlup has not established prejudice from the state's closing argument at the penalty phase. The state declared that persons have a right to be free from fear and suggested that Schlup should be sentenced to death because he may otherwise eventually be released into society. Schlup contends that the argument was intended to inflame the passion of the jury and impair the jury's reason, and that trial counsel should have objected to the argument and made a request for a curative instruction.

Schlup was not prejudiced by the closing argument because Schlup's sentence was not imposed under the influence of passion. First, the Missouri Supreme Court has found "no indication that the death sentence was imposed under the influence of passion, prejudice, or any other contribu-

---

*Thompson,* — U.S. —, —, 111 S.Ct. 2546, 2567, 115 L.Ed.2d 640 (1991) (citations omitted). Schlup did not raise the mitigating evidence issue on direct appeal of his conviction and sentence, and Schlup did not have a constitutional right to counsel in his post-conviction proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Murray v. Giarratano,* 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989). Moreover, giving Schlup the benefit of a broad reading of *Coleman,* which addressed but left undecided the possibility that an indigent defendant may have a constitutional right to counsel in "the first forum in which a federal claim can be raised," *Coleman,* — U.S. at —, 111 S.Ct. at 2567, would not change the conclusion that Schlup's mitigating evidence claim is procedurally barred. *See*

*State v. Wheat,* 775 S.W.2d 155, 158 (Mo.1989) (Blackmar, C.J., dissenting) (explaining that Missouri case law under Rule 27.26 allowed ineffectiveness claims to be presented on appeal from the judgment of conviction only if they could be disposed of on the record, but that such claims were ordinarily not ripe for presentation until post-conviction proceedings). Schlup failed to raise this claim in his 27.26 proceedings (neither his 27.26 motion nor the 27.26 court order addresses this issue) and he did not raise it on appeal of the 27.26 order. Thus, Schlup's failure to properly raise in state court the claim that trial counsel was ineffective in failing to investigate expert psychiatric or psychological evidence is not attributable to a cause external to his defense and cannot constitute cause to justify the procedural default.

ting factor." *Schlup*, 724 S.W.2d at 242.[10] The state court's factual findings are entitled to a presumption of correctness. 28 U.S.C. § 2254(d); *Laws*, 863 F.2d at 1386 & n. 9. Second, irrespective of the state court's findings, no prejudice occurred because the state's actions were not so egregious that the closing argument rendered Schlup's trial fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 647, 94 S.Ct. 1868, 1873, 40 L.Ed.2d 431 (1974) (warning against finding that every improper argument of a state prosecutor presents a constitutional violation); *Hamilton v. Nix*, 809 F.2d 463, 470 (8th Cir.) (petitioner must show a reasonable probability that absent the alleged improper closing statements the result would have been different), *cert. denied*, 483 U.S. 1023, 107 S.Ct. 3270, 97 L.Ed.2d 768 (1987).

Schlup's claims, for the reasons stated, lack merit. Therefore, Schlup has not demonstrated that trial counsel provided ineffective assistance of counsel under the *Strickland* test.

### b. Claim Properly Raised in State Proceedings

Schlup's sole claim which was properly presented to the state courts is based on trial counsel's failure to prepare for aggravating circumstances testimony and to request a continuance of the trial to prepare to meet such evidence. The district court concluded that trial counsel was not ineffective.

During the penalty phase of Schlup's trial, several of Schlup's prior convictions for assault were placed in evidence to establish the presence of aggravating circumstances. As a part of this evidence, the state presented live testimony of Harold Johnson, one of Schlup's assault victims. Johnson was a former cellmate and he testified in detail about an assault and sodomy perpetrated on him by Schlup and another inmate. Schlup's trial counsel did not realize that Johnson would be called as a witness and consequently did not prepare, pri-

or to trial, for Johnson's testimony. During the discovery stage of Schlup's murder trial, however, the state supplied trial counsel with investigative reports concerning Johnson which had been compiled for the trial of Schlup's assault and sodomy against Johnson. The state informed counsel at that time that the state intended to introduce the reports into evidence during the penalty phase. Trial counsel was not informed of the state's intention to call Johnson as a live witness, however, until the conclusion of the guilt phase of Schlup's trial, two days before the penalty phase commenced. Trial counsel strenuously objected to Johnson's testimony, arguing that he received inadequate notice and that the testimony would be overly prejudicial, but he was overruled. The court did, however, permit trial counsel to interview Johnson for approximately forty-five minutes before the penalty phase commenced.

■ Trial counsel's performance with respect to Johnson's testimony "falls within the wide range of reasonable professional assistance" under *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel was given short notice of the proposed testimony, and strenuously objected to the testimony. Upon being advised that his objection was overruled and that Johnson would testify, counsel was able to prepare an adequate response to the testimony. Counsel was able to interview Johnson for forty-five minutes before the guilt phase of the trial, and counsel possessed investigative reports concerning Johnson from which he could anticipate the substance of Johnson's testimony. In addition, counsel carefully explored Johnson's criminal record on cross-examination.

■ Furthermore, although counsel may not have formally requested a continuance on the record at trial, counsel testified at Schlup's state post-conviction proceeding that he asked the trial court for time to depose Johnson. 27.26 Transcript at 65. Instead of permitting the deposition, the

---

**10.** This finding was not in response to a claim raised by Schlup before the state court, but pursuant to the Missouri Supreme Court's statutory duty to review the imposition of the death sentence. *Schlup*, 724 S.W.2d at 242.

court, as indicated, allowed counsel time to interview Johnson. Trial counsel's performance respecting Johnson's testimony, under the circumstances, was not constitutionally inadequate.

## 2. *Evidentiary Hearing*

■ Schlup asserts that the district court improperly denied his request for an evidentiary hearing on his habeas corpus petition. Schlup requested an evidentiary hearing before the district court to establish that the state court, in Schlup's post-conviction action, committed error in denying a motion by Schlup to continue the post-conviction hearing. Schlup requested a continuance of his post-conviction proceeding to obtain additional evidence on Schlup's claim of innocence, including photographs of the crime scene from the perspective of witnesses to the murder, presentation of additional witnesses to rebut the state's evidence, and evidence of the time required to travel from the crime scene to the dining hall where Schlup was seen on videotape shortly after the murder. The state court denied the motion, and Schlup requested an evidentiary hearing in the district court to attempt to establish the facts that would have been presented in state court had the continuance been granted. The district court denied Schlup's request.

The district court did not err in denying Schlup's request for an evidentiary hearing. Habeas corpus relief is available to an incarcerated person " 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' " *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir.), *cert. denied*, 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984) (quoting 28 U.S.C. § 2254(a)). Schlup's claim that the state court should have granted his motion to continue the post-conviction hearing alleges, as an independent ground for relief on habeas review, an infirmity in the state's post-conviction proceeding. The claim presents a challenge to

a state court proceeding which is collateral to Schlup's detention, rather than a constitutional challenge to the detention itself. Schlup's claim, therefore, is not cognizable in a habeas corpus action, and the district court was not required to grant Schlup an evidentiary hearing on the issue.

## III. CONCLUSION

Schlup was not denied effective assistance of trial counsel. Furthermore, Schlup's claim that the district court erred in failing to grant him an evidentiary hearing is based on a claim which is not cognizable in a federal habeas corpus proceeding. The judgment of the district court denying Schlup's petition for a writ of habeas corpus is affirmed.

HEANEY, Senior Circuit Judge, dissenting.

Lloyd Schlup was twenty-four years old when he was sentenced to die for his part in murdering Arthur Dade, a fellow inmate in the Missouri State Penitentiary. While I agree with the court that it is best to resolve this case by ruling on its merits, *see ante* at 638–39, I disagree with the court's conclusion that Schlup was not prejudiced by his counsel's ineffectiveness during the penalty phase. Accordingly, I dissent.

## MITIGATING EVIDENCE

Once the jury had convicted Schlup of capital murder, it was certain to find a statutory aggravating circumstance: that Schlup had committed the murder while an inmate.[1] Consequently, Schlup's life depended on whether his lawyer could marshal enough mitigating evidence to counteract that aggravating circumstance. At the penalty hearing, however, Schlup's counsel called only two witnesses in mitigation: Schlup and his mother.

On direct examination, Schlup testified about the circumstances surrounding his previous assault convictions and denied participating in the Dade murder. The

---

1. Mo.Ann.Stat. § 565.032.2(9) (Supp.1991) states that if a first-degree murder "was committed by a person in ... the lawful custody of a peace officer or place of lawful confinement," that fact is a statutory aggravating circumstance.

State cross-examined him about the circumstances of the Dade murder and his previous convictions.

Schlup's mother testified that her son had suffered through a horrible childhood. She stated that as a young boy he had endured many beatings from his father, some of which were so severe that Schlup required hospitalization. She asserted his father had tried to sexually abuse Schlup on more than one occasion. She stated that Schlup developed a severe drug problem, and that he consulted psychiatrists, psychologists, and drug counselors in an attempt to rehabilitate himself. Schlup's mother testified that her son had been planning to marry at the time the murder occurred and stated she thought her son was finally maturing.

Schlup's trial counsel had interviewed Schlup's mother before the penalty hearing. He testified at the 27.26 hearing that he never considered the use of testimony from a psychiatrist or a psychologist at the sentencing phase of the trial. Indeed, Schlup's counsel stated that he had not even researched in any respect the possibility of presenting mitigating evidence from *any* source other than Schlup and Schlup's mother.

As a result, Schlup's counsel never consulted with professionals who could have testified about the effect that Schlup's social history had on him. He never consulted the psychiatrists, psychologists, or counselors who treated Schlup.

Counsel's performance fell far short of what reasonably competent counsel would do. His total lack of investigation was not the result of a strategic decision to present only limited mitigating evidence. This is not a case where counsel investigated the possibility of presenting mitigating evidence regarding the defendant's mental state and family situation but concluded that the evidence would not be helpful. *Compare Guinan v. Armontrout*, 909 F.2d 1224, 1230–31 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 800, 112 L.Ed.2d 861 (1991). This is not a case where counsel was instructed by the defendant not to investigate possibly mitigating evidence. *Compare Bolder v. Armontrout*, 921 F.2d 1359, 1362 n. 4, 1366 (8th Cir.1990).

Rather, this is a case where counsel inexplicably failed to investigate even though he was aware generally of a psychological and social history that contained information indicative of severe disturbances. This history would have put reasonably competent counsel on notice to further investigate Schlup's psychological condition.

"Evidence of a difficult family history and of emotional disturbance is typically introduced by defendants in mitigation." *Eddings v. Oklahoma*, 455 U.S. 104, 115, 102 S.Ct. 869, 877, 71 L.Ed.2d 1 (1982). While such evidence may in some cases be given little weight, it may be "particularly relevant" in cases involving young offenders. *See id; see also Hitchcock v. Dugger*, 481 U.S. 393, 397–99, 107 S.Ct. 1821, 1823–24, 95 L.Ed.2d 347 (1987) (family testimony and evidence of a difficult upbringing are all admissible as evidence of mitigating circumstances); *Kenley v. Armontrout*, 937 F.2d 1298, 1304–07 (8th Cir.1991) (counsel ineffective in capital case for failing to thoroughly investigate defendant's social history, psychiatric disorders, disadvantaged childhood, and drinking problems); Goodpaster, *The Trial for Life: Effective Assistance of Counsel in Death Penalty Cases*, 58 N.Y.U.L. Rev. 299, 300–03 (1983) (describing the tremendous impact such evidence can have in capital cases).

Here, the trial counsel's failure to present psychiatric testimony was not a result of reasoned consideration. It was not a strategic decision. While the absence of mitigating evidence does not inexorably lead to a conclusion of ineffective counsel, counsel is ineffective when it fails to discover such evidence because of neglect. *Laws v. Armontrout*, 863 F.2d 1377, 1384–85 (8th Cir.1988) (en banc), *cert. denied*, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). Although this was counsel's first penalty phase proceeding, he never consulted with more experienced counsel. *Cf. Kenley*, 937 F.2d at 1299–1301 (ineffective counsel was inexperienced and had

never tried a capital case, yet sought little outside assistance in preparing his case).

The majority opinion does not seriously dispute the fact that Schlup's counsel was ineffective for failing to develop Schlup's social history and present testimony from professionals regarding the impact that history had on Schlup. The majority, however, states that "the undeveloped testimony would not have been of sufficient weight to have changed the outcome of Schlup's trial." *See ante* at 639. This record does not support this conclusion.

The district court ruled that the ineffective assistance of counsel issue was procedurally barred and denied Schlup's request for a hearing on the matter. Consequently, there is nothing in the district court record concerning the nature of the undeveloped mitigating testimony. Under these circumstances, this court should not be the original fact finders on the issue. Instead, we should remand this case to the district court and leave it to develop the record and resolve the question in accordance with the Supreme Court's decision in *Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).

In *Burger*, the petitioner sought habeas relief and claimed that trial counsel did not make an adequate investigation of potentially mitigating circumstances. The district court held an evidentiary hearing. At this hearing, the petitioner set forth the evidence that could have been presented in mitigation. The hearing revealed that trial counsel had interviewed not only the petitioner's mother, but also acquaintances, friends, and a psychologist who had examined the petitioner. The hearing also revealed that trial counsel had reviewed psychological reports. *Id.* at 789–92, 107 S.Ct. at 3123–25. After considering this evidence, the district court denied relief. After reviewing the evidence presented at the habeas hearing, the Supreme Court affirmed. The Court held that trial counsel was not ineffective, as he had interviewed enough potential witnesses under the circumstances and had a reasonable strategic basis for not presenting some of the poten-

tially mitigating evidence he had uncovered. *Id.* at 794–95, 107 S.Ct. at 3125–26.

The petitioner in *Burger* did not prevail on his claim after presenting evidence to the district court; likewise, Schlup might not prevail were we to remand his case for further findings. The merits of his claim, however, would be examined in light of a concrete record, and not on the basis of speculation.

Moreover, remanding the case would not be an empty exercise, for courts have found prejudice in situations similar to Schlup's. In *Kenley*, we found prejudice when trial counsel presented virtually no mitigating evidence, even though the defendant's past behavior could have been presented in a sympathetic light in the context of his family and medical background. Reasonable investigation would have revealed "significant evidence of medically significant conditions and disorders, suicidal tendencies, alcohol abuse and intoxication." *Kenley*, 937 F.2d at 1309. In *Stephens v. Kemp*, 846 F.2d 642 (11th Cir.), *cert. denied*, 488 U.S. 872, 109 S.Ct. 189, 102 L.Ed.2d 158 (1988), the Eleventh Circuit found that trial counsel's failure to present mitigating evidence about the defendant's mental condition was prejudicial. In *Stephens*, as here, the only testimony the jury heard about the defendant's mental history and condition was presented by his mother. As in Schlup's case, trial counsel did not even highlight this testimony in his final argument to the jury. *Id.* at 653–55. As here, the fact that nobody other than the mother testified about the defendant's mental state "undoubtedly diminished the impact on the jury of the facts she described." *See id.* at 654. As with Schlup, the *Stephens* prosecution was able to discount the mother's testimony concerning her son; as the prosecutor in *Stephens* noted, virtually every mother will put in a good word for her son. Putting Mom up on the stand is simply not enough when others could corroborate and strengthen the facts presented in her testimony.

As a result of trial counsel's failure to present expert psychiatric or psychological testimony, jurors in both *Stephens* and in

this case had no guidance about how they "might take such facts into consideration in mitigation of punishment." *See id.* at 655. The facts a remand could produce might well lead to the conclusion that Schlup's death sentence should be vacated. *See also Armstrong v. Dugger,* 833 F.2d 1430, 1433–34 (11th Cir.1987) (prejudice shown where trial counsel presented only limited mitigating evidence even though family members could have testified that defendant was not supervised as a child and had medical problems, and where an expert would have testified that defendant had organic brain damage).

## DEFECTIVE JURY INSTRUCTIONS

Schlup's counsel did not object to jury instructions during the penalty phase even though the instructions unconstitutionally restricted the jury's discretion to consider mitigating evidence. Schlup's counsel's failure to challenge these instructions also constituted ineffective assistance.

The instructions may have led the jury to believe that it could not consider a mitigating factor unless it unanimously agreed on the same mitigating factor. Schlup's jury was given Instruction No. 19, which stated:

> If you decide that a sufficient aggravating circumstance or circumstances exist to warrant the imposition of death ... it will then become your duty to determine whether a sufficient mitigating circumstance or circumstances exist which outweigh such aggravating circumstance or circumstances so found to exist. In deciding that question you may consider all the evidence relating to the murder of Arthur Dade.
>
> You may also consider:
>
> 1. The age of the defendant at the time of the offense.
>
> 2. Whether the defendant was an accomplice in the murder of Arthur Dade and whether his participation was relatively minor.
>
> You may also consider any circumstances which you find from the evidence in extenuation or mitigation of punishment.

> *If you unanimously decide that a sufficient mitigating circumstance or circumstances exist* which outweigh the aggravating circumstance or circumstances found by you to exist, then you must return a verdict fixing defendant's punishment at imprisonment for life by the Division of Corrections without eligibility for probation or parole until he has served a minimum of fifty years of his sentence. [emphasis added]

The flaw in the above instruction is that it could have led a reasonable juror to think that no piece of mitigating evidence could be considered in the defendant's favor unless all twelve jurors found it to be a mitigating circumstance. *See Mills v. Maryland,* 486 U.S. 367, 384–89, 108 S.Ct. 1860, 1870–72, 100 L.Ed.2d 384 (1988) (similar instructions). In other words, even if some or all of the jurors were to believe some mitigating circumstance or circumstances existed, unless they could unanimously agree on the existence of the same mitigating factor, the jurors might have concluded that they could not consider any mitigating evidence.

As this court explains, however, the Missouri Supreme Court has rejected claims under *Mills* in cases involving similar instructions. *See ante* at 637. The Missouri Supreme Court believes that a curative instruction similar to one given in Schlup's case solves any *Mills* problem that Schlup and others in his situation may have had. *See State v. Petary,* 790 S.W.2d 243, 246 (Mo.1990), *cert. denied,* — U.S. —, 111 S.Ct. 443, 112 L.Ed.2d 426 (1990). This "curative" instruction (No. 20) stated that the jury was *not required* to impose a death sentence even if it found that aggravating circumstances outweighed mitigating circumstances:

> Even if you decide that a sufficient mitigating circumstance or circumstances do not exist which outweigh the aggravating circumstance or circumstances found to exist, you are not compelled to fix death as the punishment. Whether that is to be your final decision rests with you.

In *Mills*, the jury was required to impose a sentence of death if it found that the aggravating circumstances outweighed the mitigating circumstances; in contrast, Missouri juries may decline to impose a death sentence even if aggravating circumstances outweigh mitigating circumstances. The Supreme Court, however, has made it clear that the mandatory nature of the death penalty in *Mills* was not the guiding consideration in that case:

> Our decision in Mills was not limited to cases in which the jury is *required* to impose the death penalty if it finds that aggravating circumstances outweigh mitigating circumstances or that no mitigating circumstances exist at all. Rather, we held that it would be the "height of arbitrariness to allow *or* require the imposition of the death penalty" where 1 juror was able to prevent the other 11 from giving effect to mitigating evidence.

*McKoy v. North Carolina*, 494 U.S. 433, ——, 110 S.Ct. 1227, 1232, 108 L.Ed.2d 369, 379 (1990) (quoting *Mills;* emphasis added in *McKoy* ).

The majority does not directly address the issue of whether the challenged jury instructions were defective; it simply notes that the Missouri courts have held that the Missouri jury instructions do not violate the Constitution as defined in *Mills* and *McKoy*. While I agree that the position of the Missouri Supreme Court on the issue is relevant as to Schlup's motion for abeyance, we are not bound by the Missouri Supreme Court's position on the constitutionality of the challenged jury instructions. In my view, the jury instructions plainly violated the Constitution, and I am not convinced by the Missouri Supreme Court's attempts to limit and distinguish the *Mills* and *McKoy* decisions.

Given that the instructions violated the Constitution, counsel was ineffective for failing to object to them. As this court has noted, the *Mills* decision is not novel and was a "standard application of the rule that juries must be free to consider any and all evidence as a mitigating factor." *Smith v. Armontrout*, 888 F.2d 530, 545 (8th Cir.

1989). The argument was available to counsel when this trial was held, and he should have raised it.

Schlup was prejudiced by counsel's failure to object to the jury instructions. Schlup was a young man of twenty-three when the crime occurred. Although the jury was not certain to have found Schlup's age to be a mitigating factor, *see Bolder*, 921 F.2d at 1366, there is a reasonable probability that it would have made such a determination if the instructions had been free of error. Moreover, there is no evidence that Schlup stabbed the victim; at most, the evidence indicates that Schlup punched and grappled with the victim while another inmate did the stabbing. Consequently, there is a reasonable probability that the jury could have concluded that of the three co-defendants, Schlup was a minor participant in the crime, another mitigating factor. Finally, as detailed above, the jury had limited information about Schlup's tragic upbringing, and it would have had more information had counsel been effective. Based even on the information presented, however, there is a reasonable probability that the jury could have found this a third mitigating factor but for the defective jury instruction.

In sum, there is a reasonable probability that a majority of jurors may have believed that some mitigating factor or factors existed, and that those mitigating factors outweighed the aggravating circumstances. This is not a case where there was no evidence that would support a finding of mitigating circumstances—some evidence was present, and some evidence should have been developed further. Due to the erroneous instructions, however, the jury may have believed that unless it agreed unanimously on the existence of the same mitigating factor or factors, it could not consider any mitigating evidence. *See, e.g.,* *Mills*, 486 U.S. at 373–74, 108 S.Ct. at 1870. This defect requires us to set aside the death penalty in this case.

## CONCLUSION

This was a close case. There was conflicting evidence as to Schlup's guilt, and

Schlup was able to present a plausible alibi defense. While I believe that the evidence was sufficient to support Schlup's conviction, the evidence was not overwhelming, and the jury deliberated several hours before it reached a verdict. Under such circumstances, it is particularly important that the penalty phase of a trial be free from prejudicial error.

Although this court suggests otherwise, there is a reasonable probability that the jury would not have imposed a death sentence had counsel rendered effective service at Schlup's death penalty hearing. This case presents a scenario all too common in capital cases: trial counsel focused all of his energies on the guilt phase of the trial and virtually ignored the crucial "trial for life" during the penalty phase. Because counsel's failure to present mitigating evidence and to object to jury instructions constituted ineffective assistance that prejudiced Schlup's defense, I would vacate the death sentence and remand this case for a new sentencing hearing.