Lloyd Eugene SCHLUP, Appellant,

v.

Bill ARMONTROUT, Warden, Appellee.

No. 90–1164.

United States Court of Appeals,
Eighth Circuit.

Oct. 9, 1991.

Before LAY, Chief Judge, and McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM and LOKEN, Circuit Judges.

### ORDER DENYING PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC.

The suggestion for rehearing en banc has been considered by the court and is denied by reason of the lack of majority of active judges voting to rehear the case en banc. Chief Judge LAY, Judge McMILLIAN and Judge ARNOLD dissent from the denial of the suggestion for rehearing en banc.

The petition for rehearing is also denied.

LAY, Chief Judge, dissenting from the denial of rehearing, in which McMILLIAN, Circuit Judge, joins.

I respectfully dissent from the denial of rehearing.

The State of Missouri treats death penalty cases differently than other types of criminal penalties. Pursuant to Mo.Rev. Stat. § 565.035 (1986), the state legislature of Missouri treats death penalty cases in a *sui generis* manner and requires the Supreme Court of Missouri to give closer scrutiny to the implementation of the death penalty. In section 565.035, whenever a death penalty is imposed in any case the sentence *shall* be reviewed on the record by the Supreme Court of Missouri. This is necessary whether the defendant appeals or not.[1] Pursuant to the statute, the Supreme Court of Missouri "shall consider the punishment as well as any errors enumerated by appeal." § 565.035(2). Subsection 3 of the statute specifically provides that "[w]ith regard to the sentence, the supreme court shall determine: (1) Whether the sentence of death was imposed under the influence of passion, prejudice, *or any other arbitrary factor.*" (Emphasis added). This statute undoubtedly was motivated by the concern that the legislature of Missouri has for the sanctity of life.[2] Death is fundamentally different than any other kind of penalty.[3] With this

---

1. *State v. Newlon,* 627 S.W.2d 606, 633 (Mo.) (Seiler, J., dissenting in part) ("Our duty, however, under [§ 565.035], is to determine whether the death sentence was imposed under the influence of 'passion, prejudice, or other arbitrary factor.' *The absence of an objection does not relieve us of the affirmative duty to make our own independent appraisal....*"), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982) (emphasis added); *Wilkins v. State,* 802 S.W.2d 491, 505 (Mo.1991) (Blackmar, C.J., dissenting) ("Our authority is not foreclosed by any prior proceedings in this case. The defendant filed no notice of appeal, because he received the sentence that he then desired. The case came to us only because of our statutory responsibility to review all death sentences.").

2. *State v. Smith,* 649 S.W.2d 417, 435 (Mo.) (Seiler, J., concurring) ("Because a life is at stake and because of its concern that there be no arbitrary imposition of the death penalty, the legislature has imposed this duty upon us."), *cert. denied,* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983); *State v. Holmes,* 609 S.W.2d 132, 139 (Mo.1980) (Seiler, J., concurring) ("By imposing this duty upon us, the legislature was

attempting to comply with the constitutional requirements that the risk of arbitrary and capricious application of the death penalty be minimized and that consideration of the individual circumstances of each offender and each crime be given."); *State v. McDonald,* 661 S.W.2d 497, 513 (Mo.1983) (Blackmar, J., dissenting in part) ("I believe that [§ 565.035] enjoins upon us a special responsibility in cases in which the sentence of death has been pronounced...."), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985).

3. *State v. Mercer,* 618 S.W.2d 1, 14 (Mo.) (Bardgett, C.J., dissenting in part) ("Death penalty cases are different from other cases for that simple reason—death. It is not correctable, as are other sentences, and therefore strict adherence to procedure is necessary."), *cert. denied,* 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981); *State v. Sandles,* 740 S.W.2d 169, 181 (Mo.1987) (Blackmar, J., dissenting in part) ("Death sentence cases, to my way of thinking, are different from other cases."), *cert. denied,* 485 U.S. 993, 108 S.Ct. 1303, 99 L.Ed.2d 513 (1988).

in mind, the State of Missouri requires mandatory review by the Supreme Court of Missouri to make certain that the punishment is not based upon any arbitrary factor.[4] In my judgment it is unconscionable that an individual sentenced to death should die by reason of a procedural default based upon the failure of his or her counsel to raise issues on appeal or in post-conviction review. Although there is no express legislative history dealing with procedural default, it should be obvious that the legislative intent involved in section 565.035 is to avoid the implementation of the death penalty based upon passion, prejudice or other arbitrary factors notwithstanding any procedural default or incompetence of a lawyer.

The Missouri Supreme Court did review the conviction of Schlup and notwithstanding the failure of the defendant to appeal specific points relating to the death penalty, the Missouri Supreme Court did, pursuant to its statutory mandate, independently review the imposition of the death penalty. *See State v. Schlup*, 724 S.W.2d 236, 242 (Mo.), *cert. denied*, 482 U.S. 920, 107 S.Ct. 3198, 96 L.Ed.2d 685 (1987). Contrary to the Missouri Supreme Court's holding, however, the death penalty in the present case was imposed by an arbitrary factor.

The trial court instructing on mitigating evidence stated in part:

> If you *unanimously* decide that a sufficient mitigating circumstance or circumstances exist which outweigh the aggravating circumstance or circumstances found by you to exist, then you must return a verdict fixing defendant's punishment at imprisonment for life by the Division of Corrections without eligibility for probation or parole until he has served a minimum of fifty years of his sentence.

*Schlup v. Armontrout*, 941 F.2d 631, 645 (8th Cir.1991) (Heaney, J., dissenting) (em-

phasis added). This instruction clearly violated longstanding rules relating to consideration of mitigating evidence. *See Mills v. Maryland*, 486 U.S. 367, 374–77, 108 S.Ct. 1860, 1865–67, 100 L.Ed.2d 384 (1988). The Supreme Court of Missouri obviously did not consider instruction 19 arbitrary because of its view that the *Mills* rule is not applicable to the Missouri instructions because Missouri courts provide a curative instruction giving the jury discretion to impose a life sentence rather than death despite the existence of any aggravating circumstances. *State v. Petary*, 790 S.W.2d 243, 246 (Mo.), *cert. denied*, —— U.S. ——, 111 S.Ct. 443, 112 L.Ed.2d 426 (1990); *State v. Smith*, 781 S.W.2d 761, 768 (Mo. 1989), *vacated and remanded*, —— U.S. ——, 110 S.Ct. 1944, 109 L.Ed.2d 306, *aff'd on remand*, 790 S.W.2d 241 (1990). *See also Roberts v. State*, 775 S.W.2d 92, 96 (Mo.1989) (Blackmar, C.J., concurring) (distinguishing *Mills*), *cert. denied*, —— U.S. ——, 110 S.Ct. 1506, 108 L.Ed.2d 640 (1990).

As Judge Heaney points out in his dissent from the panel opinion, this view is contrary to *McKoy v. North Carolina*, 494 U.S. 433, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990). In *McKoy* the Supreme Court stated:

> Our decision in *Mills* was not limited to cases in which the jury is *required* to impose the death penalty if it finds that aggravating circumstances outweigh mitigating circumstances or that no mitigating circumstances exist at all. Rather, we held that it would be the "height of arbitrariness to allow *or* require the imposition of the death penalty" where 1 juror was able to prevent the other 11 from giving effect to mitigating evidence.

*McKoy v. North Carolina*, 494 U.S. 433, 110 S.Ct. 1227, 1232, 108 L.Ed.2d 369 (1990) (quoting *Mills*, 486 U.S. at 374, 108 S.Ct. at

---

**4.** The statute is even more complete in that it provides:

> (2) Whether the evidence supports the jury's or judge's finding of a statutory aggravating circumstance as enumerated in subsection 2 of section 565.032 and any other circumstance found;

> (3) Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime, the strength of the evidence and the defendant.

Mo.Rev.Stat. § 565.035(3) (1986).

1865). The panel opinion does not discuss *McKoy*. *McKoy* holds that such an instruction, notwithstanding the alleged curative discretionary instruction, provides an arbitrary imposition of the death penalty.

I would hold that the Missouri Supreme Court under its mandatory review jurisdiction did consider the record before it and was required to consider any arbitrary imposition of the death penalty whether raised by counsel or not. On the basis of mandatory review of arbitrary factors governing imposition of the death penalty, I would find that the *Mills* issue has been considered by the Supreme Court of Missouri. Therefore, there has been exhaustion of the state remedy and rules governing procedural default are not applicable. Under the circumstances, the federal district court and this court had a duty to set aside the death penalty as unconstitutional under *Mills* and *McKoy*.