# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3197WM

_____

James E. Rhodenizer,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant,　　　　　　　*
　　　　　　　　　　　　　　　　　　*　On Appeal from the United States
　　v.　　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Western District of Missouri.
United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*　[Not to be published]
　　　　　　Appellee.　　　　　　　　*

_____

Submitted: June 2, 1999
Filed: July 13, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and BEAM, Circuit
Judges.

_____

PER CURIAM.

James Rhodenizer appeals from the District Court's[1] denial of his 28 U.S.C.
§ 2255 motion. We affirm.

Following a jury trial, Rhodenizer was convicted of one count of possessing
methamphetamine with intent to distribute, and one count of possessing marijuana with
intent to distribute, both in violation of 21 U.S.C. § 841(a)(1); and two counts of

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western
District of Missouri.

carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) ("gun charges"). Rhodenizer's convictions were affirmed on direct appeal, and the facts underlying his convictions are set out in this Court's prior opinion. See United States v. Rhodenizer, 106 F.3d 222, 223-25 (8th Cir. 1997).

In his section 2255 motion, Rhodenizer alleged as relevant that his counsel was ineffective for not timely disclosing an alibi witness and for misrepresenting to him that the gun charges had been dismissed, thereby causing him to reject the government's plea offer. The District Court denied Rhodenizer's motion without a hearing.

We review de novo the denial of Rhodenizer's section 2255 motion, and, as it was denied without an evidentiary hearing, will affirm only if the motion, files, and record conclusively show he was not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 516 U.S. 885 (1995). To succeed on his ineffective-assistance claims, Rhodenizer must show (1) his counsel's performance was professionally unreasonable, and (2) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

Regarding the alleged failure to designate the alibi witness, we note that counsel explained at trial he had not known about the possible alibi witness until the weekend before the Monday on which trial started, that counsel attested the witness had not come forward earlier because of personal reasons, that Rhodenizer did not suggest how his counsel could have learned of the witness, and that counsel attempted to use the testimony once he learned of it. As Rhodenizer did not contend he told his counsel about the witness, we conclude that counsel's failure to designate the witness was not ineffective assistance. See Schlup v. Armontrout, 941 F.2d 631, 639 (8th Cir. 1991), cert. denied, 503 U.S. 909 (1992); Cox v. Wyrick, 642 F.2d 222, 226 (8th Cir.), cert. denied, 451 U.S. 1021 (1981).

Assuming arguendo that Rhodenizer's counsel misrepresented that the gun charges had been dismissed, we agree with the District Court that Rhodenizer was not thereby prejudiced, because he must have known that the representation was not accurate. An instruction was read at the beginning of trial advising him the gun charges were at issue, guns were discussed during the prosecutor's opening statement, evidence about the guns was introduced, and Rhodenizer did not dispute that the plea offer remained open during the trial.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.